SAMUEL BLISS _et al._

_v._

DANIEL HEASTY _et al._

1. JUDGMENT—_in attachment—its effect._ A judgment in attachment without service or appearance will protect strangers to the record in rights acquired by purchase of the property under it. But the plaintiff and the sureties on his bond are liable to the defendant for all damage he sustains by the wrongful suing out of the writ, and this, too, whether or not the suit progresses to a judgment.

2. Where a judgment _in rem_ is recovered in a proceeding by attachment, there being no personal service or appearance, and the property levied on is insufficient to pay it, the plaintiff, to recover the balance, must sue on the original indebtedness; and in such a suit the defendant may set up any defense he could had the attachment proceeding never been instituted. In such a case, the defendant is not concluded by the judgment in attachment, and it can only be pleaded in bar to the extent of the satisfaction had under it.

3. Where there is service or appearance by the defendant, then the case would probably be entirely different.

APPEAL from the Circuit Court of Cook county ; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. NORMAN C. PERKINS and Mr. J. A. CRAIN, for the appellants.

Messrs. RICH & THOMAS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellees, who were traders in Marshall-town, in Iowa, ordered of appellants, wholesale grocers in Chicago, through their traveling agent, a number of barrels of dried fruit. It was to be of choice quality, and appellants were so advised by their agent. The fruit was shipped to appellees, who received it, but not regarding it of the quality ordered they returned it to appellants without explanation. On receiving it, they credited appellees with the fruit at what they claim was the market price, being two or three cents less on the pound than they had charged appellees for it, upon the alleged ground that it had fallen in the market between the time when shipped and returned to them. This, with the charges paid for freight, left a balance in favor of appellants of $49.77. Subsequently they sued out a writ of attachment against appellees, had it levied upon their property, gave notice, and no defense being made, appellants recovered judgment for that sum and costs, and sued out execution and sold the property attached for a trifle over the amount of the judgment and costs. Thereupon appellees brought this suit for maliciously and wrongfully suing out the writ of attachment, and recovered the judgment from which this appeal was taken.

Appellants urge that the court below erred in rendering the judgment, because they claim the recovery in the attachment suit is conclusive between the parties and can not be questioned in a collateral proceeding. That it is so far conclusive that strangers to the proceeding will be protected in their rights by purchase or otherwise, inasmuch as the court acquired jurisdiction of the subject matter, we can not doubt.

Such we believe to be the uniform rule of all courts. But whether it is binding upon all of the parties to it until reversed, presents a very different question. If such be held to be the law, then many cases might be supposed, not unlikely to occur, in which a non-resident or absent debtor might be subjected to great wrong.

If it should occur that a note should be forged against a person absent from the State, or a fictitious claim should be made the basis of an attachment, and all of the proceedings should be regularly conducted to judgment, and a sale of the property, to hold that the judgment was conclusive until reversed, would be to hold that, by fraud and false pretenses in asserting such a claim, a man may be stripped of his property without remedy. It can not surely be said of the law that it will sanction and protect such injustice, fraud and wrong. In such a case, all that would be necessary for the protection of such gross injustice would be to have all of the legal steps in the suit conform to the statute, and the plaintiffs in the attachment could hold the money thus acquired, however fraudulent the claim or criminal the means by which the judgment was obtained. The law is not so inefficient in its power to protect persons in their rights.

It was, no doubt, to prevent the perpetration of such injustice, that the general assembly, in giving the remedy by attachment, made it a condition in the bond that the plaintiff in attachment and his sureties should be liable for all damages occasioned by wrongfully suing out the attachment. It could not have been designed that they should only be liable in case plaintiff failed to recover judgment. If nothing is due, or the plaintiff fraudulently sues out the writ and prosecutes it to judgment, and a sale follows, he, undeniably, has wrongfully sued out the writ. The mere fact that he has recovered a judgment on a false and unjust claim, does not render the claim just or the suit proper. It is wrongful and as abhorrent to justice to sue and recover on such a claim as it is to fail to recover a judgment.

The form of the bond required of the plaintiff before suing out the writ, found in the 5th section of the attachment act, fully recognizes the right to sue for wrongfully suing out the attachment. The condition is, that if the plaintiff shall prosecute his suit with effect, or in case of failure shall pay the defendant all costs in the suit and such damages as shall be awarded against the plaintiff, etc., in any suit brought for wrongfully suing out the attachment. This language recognizes the right to maintain a suit for wrongfully bringing such a suit, and we have seen that the wrong is as great or greater when it progresses to judgment as when the suit fails. The reason and the necessity of maintaining such an action to correct the wrong, is surely as grave in case of the recovery of a judgment as when no judgment is rendered. And this section has not limited the suit to the failure to recover the judgment, but has recognized the right whenever the attachment is wrongfully sued out.

In cases of a recovery in attachment, and the property against which judgment is rendered is insufficient to satisfy the judgment, a further suit to recover the balance can only be maintained on the original cause of action and not on the judgment in attachment. And in such a suit, the defendant may set up and rely upon any defense he could have interposed had no suit in attachment ever been brought or judgment therein recovered. Nor can the plaintiff, in such a case, rely upon the judgment to conclude the defense. Such a judgment is only conclusive of the fact that such a proceeding was had, and protects rights acquired under it. This seems to be the rule in all courts where *ex parte* proceedings of this character obtain. If, when a suit is brought on the claim, the previous judgment in attachment can not be pleaded as a bar beyond the sum collected under it, why should it be any more conclusive when the defendant sues the plaintiff for wrongfully suing out the attachment? No reason is perceived why it should be in the one case more than the other. It was held,

in the case of *Bump* v. *Betts*, 19 Wend. 421, that such a judgment is not conclusive to bar an action for maliciously suing out an attachment.    If, however, the defendant in attachment should be served, or should enter his appearance, then the case, probably, would be altogether changed.    We are clearly of the opinion that this action was properly brought, and the judgment in the attachment suit was not conclusive of the rights of the parties, and was not a bar.    The evidence sustains the verdict, and the judgment of the court below must be affirmed.

*Judgment affirmed.*