[Civil No. 3557. Filed June 17, 1935.]

[46 Pac. (2d) 638.]

M. E. MILLER, Appellant, v. H. L. KEARNES, Appellee.

Mr. John C. Lee and Mr. Harold Baxter, for Appellant.

Mr. George F. MacDonald and Mr. James E. Nelson, for Appellee.

LOCKWOOD, C. J.—This is a suit by H. L. Kearnes, hereinafter called plaintiff, against M. E. Miller, hereinafter called defendant. There were two causes of action set up in the complaint; the first being for the cancellation of a certain realty mortgage given by plaintiff to defendant, and the second for damages arising out of the same transaction. Defendant answered and then set up two pleas in bar to the first cause of action. The first was that plaintiff had in a previous suit elected to proceed on an action for damages, and that such election was a bar to his action for cancellation of the mortgage. The second was that defendant had brought suit to foreclose the mortgage in the state of California, the lands involved being situated there, which suit had gone to judgment in favor of defendant, and that a decree of foreclosure of the mortgage had been entered therein. The case was at first presented to a jury, but after the evidence was all in the court held there was not sufficient to sustain the second cause of action for damages, and granted an instructed verdict in favor of defendant thereon. Thereafter, it held that there was no conflict in the evidence on the first cause of action, and there were no facts for the jury to decide, whereupon it was discharged and the court took the matter under advisement, finally rendering judgment in favor of plaintiff for a cancellation of the mortgage in question

or, as an alternative thereto, if foreclosure and sale had been had in the state of California upon said mortgage, that defendant "make, execute and deliver to the plaintiff, H. L. Kearnes, a good and sufficient deed of conveyance conveying to the said H. L. Kearnes clear fee simple title to the above described premises." After the usual motion for new trial had been made and overruled, this appeal was taken.

There are some six assignments of error which read as follows:

"Assignment of error No. 1. The Court erred in assuming jurisdiction of an action to cancel a note and mortgage on property situated in a sister State and upon which foreclosure had begun and was pending (same parties to each action).

"Assignment of error No. 2. The Court erred in overruling defendant's plea in bar.

"Assignment of error No. 3. The Court erred in denying defendant's motion for a directed verdict at the close of plaintiff's case.

"Assignment of error No. 4. The Court erred in rendering judgment for relief not prayed for in plaintiff's complaint.

"Assignment of error No. 5. The Court erred in rendering judgment contrary to the maxims of equity.

"Assignment of error No. 6. The Court erred in rendering judgment upon which there was not showing defendant could perform."

Appellee has objected thereto on the ground that they are not in conformity with subdivision 1, rule XII, of this court, which reads, in substance, so far as material, as follows:

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. . . . "

On examining the foregoing assignments of error, we are of the opinion that the second, third, fourth and fifth do not comply with rule XII. They

are entirely general in their nature, and do not in any way point out to this court the particular error complained of, but leave it to us to determine from an examination of the record and the transcript of evidence as to whether or not there be any error therein. We have held repeatedly that we will not consider such assignments of error. *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548, and cases cited therein. Nor are they aided by argument in the brief. *Wootan* v. *Roten,* 19 Ariz. 235, 168 Pac. 640; *Reid* v. *Van Winkle,* 31 Ariz. 267, 252 Pac. 189.

We think, however, that the first and sixth assignments are sufficient to cause us to consider them. The first is, in substance, that the courts of Arizona had no jurisdiction to consider an action to cancel a note and mortgage for fraud when the property on which the mortgage was given was situated in a sister state, and foreclosure proceedings on the mortgage had already begun and were pending. The plea of defendant is that the California suit was commenced before the one at bar, but that judgment of foreclosure was rendered therein after the present case had been filed, but before it had gone to judgment. If the objection to the jurisdiction of the court is intended to go to its right to entertain this case when it was first filed, the objection is not well taken, for it is practically universally held that a suit which is pending in the court of another state cannot be pleaded in abatement of an action subsequently commenced, even though the later action is between the same parties and on the same cause, and the court of the state in which the prior suit is pending has complete jurisdiction. *Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209, 33 N. E. 938, 34 Am. St. Rep. 448, 20 L. R. A. 118; *H. C. Miner Lithographic Co.* v. *Wagner,* 177 Mass. 404, 58 N. E. 1020; *Sandwich Mfg. Co.* v. *Earl,* 56 Minn. 390, 57 N. W. 938;

*Greer* v. *Cook,* 88 Ark. 93, 113 S. W. 1009, 16 Ann. Cas. 671; *Drake* v. *Brander et al.,* 8 Tex. 351.

If, however, it is the contention of defendant by this assignment that when foreclosure was had of the mortgage in California, the entire matter became *res adjudicata* and a bar to a judgment in the present action under article 4, section 1, of the Federal Constitution, the question requires a more careful consideration. It is, of course, the general rule of law that even though the *res* which is ultimately, though indirectly, to be affected by the judgment of a court of equity is within another state or country, if the parties are all within the jurisdiction of the court the suit may be maintained, and any remedies which directly affect and operate upon the person of defendant and not upon the *res* may be granted; obedience to the decree of the court being enforced by proceedings in the nature of contempt. *Muller* v. *Dows,* 94 U. S. (4 Otto) 444, 24 L. Ed. 207; *Phelps* v. *McDonald,* 99 U. S. (9 Otto) 298, 25 L. Ed. 473; *Fall* v. *Eastin,* 215 U. S. 1, 30 Sup. Ct. 3, 54 L. Ed. 65, 17 Ann. Cas. 853, 23 L. R. A. (N. S.) 924.

In this case the plea in bar showed only that the suit to foreclose the mortgage was in another state and did not allege that plaintiff herein was properly served with process, or that he ever appeared in such suit. If he had been served or an appearance had been made, since the affirmative matter pleaded in the first cause of action in this case could have been set up as a defense to the foreclosure, it might well be said that the judgment in California was *res adjudicata* on such defense as against him, for it is the rule that a judgment is *res adjudicata* not only as to the matters which were litigated, but as to those which might have been litigated therein. 34 C. J. 856 and notes. This, however, only applies when the party against whom

the judgment runs was served personally or appeared therein. If he was not, only a judgment *in rem* would be valid as against him, and that only as to the issues necessarily litigated, and not as to those which might have been litigated had he appeared. As was said in *Bliss* v. *Heasty et al.*, 61 Ill. 338:

"Appellants urge that the court below erred in rendering the judgment, because they claim the recovery in the attachment suit is conclusive between the parties and can not be questioned in a collateral proceeding. That it is so far conclusive that strangers to the proceeding will be protected in their rights by purchase or otherwise, inasmuch as the court acquired jurisdiction of the subject-matter, we cannot doubt. Such we believe to be the uniform rules of all courts. But whether it is binding upon all of the parties to it until reversed, presents a very different question. If such be held to be the law, then many cases might be supposed, not unlikely to occur, in which a non-resident or absent debtor might be subjected to great wrong.

"If it should occur that a note should be forged against a person absent from the State, or a fictitious claim should be made the basis of an attachment, and all of the proceedings should be regularly conducted to judgment, and a sale of the property, to hold that the judgment was conclusive until reversed, would be to hold that, by fraud and false pretenses in asserting such a claim, a man may be stripped of his property without remedy. It can not surely be said of the law that it will sanction and protect such injustice, fraud and wrong. In such a case, all that would be necessary for the protection of such gross injustice would be to have all of the legal steps in the suit conform to the statute, and the plaintiffs in the attachment could hold the money thus acquired, however fraudulent the claim or criminal the means by which the judgment was obtained. The law is not so inefficient in its power to protect persons in their rights. . . .

"In cases of a recovery in attachment, and the property against which judgment is rendered is insufficient to satisfy the judgment, a further suit to recover the

balance can only be maintained on the original cause of action and not on the judgment in attachment. And in such a suit, the defendant may set up and rely upon any defense he could have interposed had no suit in attachment ever been brought or judgment therein recovered. Nor can the plaintiff, in such a case, rely upon the judgment to conclude the defense. Such a judgment is only conclusive of the fact that such a proceeding was had, and protects rights acquired under it. This seems to be the rule in all courts where *ex parte* proceedings of this character obtain. If, when a suit is brought on the claim, the previous judgment in attachment can not be pleaded as a bar beyond the sum collected under it, why should it be any more conclusive when the defendant sues the plaintiff for wrongfully suing out the attachment? No reason is perceived why it should be in the one case more than the other. It was held, in the case of *Bump* v. *Betts,* 19 Wend. [N. Y.] 421, that such a judgment is not conclusive to bar an action for maliciously suing out an attachment. If, however, the defendant in attachment should be served, or should enter his appearance, then the case, probably, would be altogether changed. . . . ''

We think, therefore, that the superior court had jurisdiction to entertain the action for cancellation of the mortgage, notwithstanding that the foreclosure suit in California had gone to judgment, and to apply such remedy, acting *in personam,* as against the defendant, as might be reasonable and proper under all the circumstances of the case. This disposes of defendant's assignment No. 1.

Assignment No. 6 is that it did not appear that the judgment rendered was one which defendant could perform. In support of this it is contended that the judgment as rendered was in the alternative, being that the defendant should either satisfy the mortgage, or, in case that were impossible because it had been foreclosed, he should convey the property foreclosed to plaintiff. Under the rules of the supe-

rior court a defendant is given five days' time to object to the form of any judgment which is about to be rendered against him. Apparently there were two different suggested judgments submitted at different times, for defendant twice filed objections thereto. In the first objection the following appears:

"3. That there is no proof made in said cause that the defendant M. E. Miller has the power to comply with the said judgment and decree of this court, and we respectfully submit that said defendant has no such power."

And in the second:

"3. Objects to the form of judgment for the further reason that the form of judgment as submitted requires the defendant M. E. Miller to do an impossibility."

It will be noted that the first objection does not claim that defendant cannot comply with the judgment of the court, but merely suggests that it is not proved that he can comply with it. We think that under circumstances such as those appearing herein, if it be an impossibility for the defendant to comply with the judgment of the court, it is incumbent upon him to make a showing to that effect, and in case of a failure to do so it will be presumed that he has such power, for we will not assume that any court will require an impossibility when such impossibility is made manifest to it.

The second objection is, in substance, that defendant is required to perform an impossibility, but there is no showing as to why it is impossible; and in the absence of something in the record to the contrary we must assume that the trial court was satisfied after hearing the objection that defendant could, if he would, carry out its judgment. If defendant should fail to do so, and it should afterwards appear on contempt

proceedings that his failure was due to inability to comply with the order of the court, which was not caused by his own misconduct, it would, of course, be a complete defense to the contempt proceedings.

It appearing that the only assignments of error which we can consider are not well taken, the judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.