920 P.2d 5

Pat **TONNEMACHER**, and Charles B. **Ackerman, individually and as representatives of a class, Plaintiffs–Appellants,**

v.

**TOUCHE ROSS & COMPANY,**
**n/k/a Deloitte & Touche,**
**Defendant–Appellee.**

No. 1 CA–CV 94–0501.

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 8, 1996.

Review Denied July 2, 1996.

Farley, Robinson & Larsen by R. Chip Larsen, James J. Farley, Mesa, Furth, Fahrner & Mason by Daniel S. Mason, Joseph Bell, Frederick P. Furth, San Francisco, California, for Plaintiffs–Appellants.

Brown & Bain, P.A. by H. Michael Clyde, Lynne C. Adams, Steven R. Rodgers, Phoenix, Deloitte & Touche LLP by Genevieve Harris Roche, Assistant General Counsel, New York City, for Appellee.

## OPINION

LANKFORD, Judge.

The principal issue in this appeal is whether a trial court may dismiss an action because the claim asserted had been raised in a federal court action. We hold that although a trial court may stay such an action, dismissal is improper and therefore reverse.

In January 1989, the plaintiffs filed a complaint in the United States District Court in Arizona. The complaint included federal claims based on common law negligence, gross negligence, negligent misrepresentation, and common law fraud, as well as two pendent state law claims for damages based on Arizona racketeering and security statutes.

In July 1993, the same plaintiffs filed a complaint in Arizona superior court seeking damages based on the Arizona racketeering statute.[1] This claim arose out of the same facts as the claim in the federal action.

Defendant moved to dismiss the state court action based on the pending federal action. The superior court ordered the dismissal of the racketeering claim. Although the dismissal was without prejudice, the court imposed a condition on any future refiling in state court: "In the event the federal court is precluded from entering [sic] claims under A.R.S. § 13–2300, et seq., the Plaintiffs may refile their Rico [racketeering] claim. However, only the Rico claim is to be re-alleged. The complaint should not be a retyping of the Complaint filed in federal court."

The plaintiffs moved to alter or amend the dismissal order. Specifically, the plaintiffs sought to strike the language that limited a refiling to the racketeering claim, and they requested an additional ruling that the version of the racketeering statute in effect when the state court action was first filed would also apply to any refiling.[2] The superior court denied the motion.

The plaintiffs appeal, raising the following three issues:

1) Did the trial court err in dismissing the complaint on grounds of a prior pending action in federal court?

2) Did the trial court err by limiting any subsequent state court action to a state Rico claim?

3) Did the trial court err by declining to rule on which version of the racketeering statute would apply to a refiled claim?

Our resolution of the first issue renders the others moot. To resolve the dismissal issue, we first consider whether the prior action pending in a federal court *required* the abatement of the later filed state court action. If it did not, then we must determine whether the superior court nonetheless had the *discretion* to dismiss the later filed state court action.

1. *See* Ariz.Rev.Stat. ("A.R.S.") § 13–2301 *et seq.*

2. The statute had been amended, and the amended version was to apply to any claims filed after July 17, 1993. 1993 Ariz.Sess.Laws 1507, 1516; 1993 Ariz.Sess.Laws XIII.

## I.

██ Defendant argues that the state court action abated because the same claim had been previously filed in federal court. The pendency of a prior action sometimes abates a subsequently filed action. *See Allen v. Superior Court,* 86 Ariz. 205, 209, 344 P.2d 163, 166 (1959).

Not every later filed action abates, however. Abatement is limited to: 1) *in personam* actions that are brought *in the same jurisdiction;* and 2) *in rem* and *quasi in rem* actions. This case involved neither situation. Accordingly, the abatement doctrine does not apply.

██ Defendant relies on the many decisions applying abatement when the action duplicates an action already pending in a court in the same state. *See Sierra v. Perry,* 121 Ariz. 437, 438, 590 P.2d 1383, 1384 (1979); *Allen,* 86 Ariz. at 209, 344 P.2d at 166; *Davies v. Russell,* 84 Ariz. 144, 148, 325 P.2d 402, 405 (1958). This rule does not apply, however, to actions pending in different jurisdictions. If the prior action is pending in a different state, for example, both actions may proceed simultaneously. In *Miller v. Kearnes,* 45 Ariz. 548, 46 P.2d 638 (1935), our supreme court rejected the argument that a claim previously filed in another state abated the same claim filed in an Arizona court. The court stated:

> If the objection to the jurisdiction of the court is intended to go to its *right* to entertain this case when it was first filed, the objection is not well taken, for it is practically universally held that a suit which is pending in the court of *another* state cannot be pleaded in abatement of an action subsequently commenced, even though the later action is between the same parties and on the same cause, and the court of the state in which the prior suit is pending has complete jurisdiction.

*Id.* at 552, 46 P.2d at 639 (emphasis added).

The distinguishing factor is that the courts within the same state operate under the same sovereign; the courts in different states operate under different sovereigns. As a result, when actions are filed within the same state, the later filed action is abated.

When actions are filed in different states, invoking the authority of independent sovereigns, neither sovereign is required to yield to the other. *See American Cyanamid Co. v. Picaso–Anstalt,* 741 F.Supp. 1150, 1159 (D.N.J.1990) ("the 'first to file' rule is a rule of resource conservation adopted to deal with situations involving similar lawsuits pending within the same sovereign's jurisdiction, not ... similar lawsuits pending in different jurisdictions."); *Sauter v. Sauter,* 4 Conn.App. 581, 495 A.2d 1116, 1118 (1985) (dismissal is appropriate only when the actions are pending in the same jurisdiction).

██ This distinction likewise makes abatement inapplicable when the actions are filed in federal and state court. While the state and federal courts "co-exist in the same space," they are part of two different and independent systems. *Forst v. Intermountain Building & Loan Ass'n,* 49 Ariz. 246, 253, 65 P.2d 1379, 1382 (1937), *citing Covell v. Heyman,* 111 U.S. 176, 182, 4 S.Ct. 355, 358, 28 L.Ed. 390 (1884). "They exercise jurisdiction ... within the same territory, but not in the same plane...." *Id.* "[E]ach court derives its authority from a separate and distinct sovereignty." 1 C.J.S. *Abatement and Revival* § 53, at 103 (1985).

██ Because the state and federal courts operate under different sovereigns, an action pending in a federal court does not abate an action subsequently commenced in a state court. *Farmers Union Cooperative Elevator & Shipping Ass'n v. Grain Dealers Mutual Insurance Co.,* 194 Kan. 181, 398 P.2d 571, 572–73 (1965); *see also American Cyanamid Co.,* 741 F.Supp. at 1159 (the preferred course of action for two similar lawsuits pending in different jurisdictions "is to permit each sovereign to reach judgment and apply the findings of one to the other under the principles of res judicata."); *Koehlke Components, Inc. v. South East Connectors, Inc.,* 456 So.2d 554, 555 (Fla.Ct.App.1984) ("a prior suit in a federal court ... is not grounds for abatement of a like suit in a state court."). If an action is *in personam,* state and federal courts having concurrent jurisdiction may proceed simultaneously until one court reaches judgment. *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189,

195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). The first judgment has *res judicata* effect in the other proceeding. *Id.*[3] Accordingly, it was error to have dismissed the action here on grounds that the prior federal action abated the later state claim.

■ The defendant's argument that the abatement rule in *in rem* and *quasi in rem* actions also applies to *in personam* actions is without merit. The distinction between an *in personam* action and an *in rem* or *quasi in rem* action is significant and justifies different treatment. In an action *in rem* or *quasi in rem*, the first court to acquire jurisdiction over the property has jurisdiction to the exclusion of the other. *Kline*, 260 U.S. at 229–31, 43 S.Ct. at 81–82; *Mach–Tronics, Inc. v. Zirpoli*, 316 F.2d 820, 833 (9th Cir. 1963); *cf. Dowdy v. Calvi*, 14 Ariz. 148, 125 P. 873 (1912).[4] The rationale for exclusive jurisdiction is that there is only one *res* and the first court to assume jurisdiction over it withdraws it "from the judicial power of the other as if it had been carried physically into a different territorial sovereignty." *Forst*, 49 Ariz. at 252–53, 65 P.2d at 1382, *citing Covell v. Heyman*, 111 U.S. 176, 182, 4 S.Ct. 355, 358, 28 L.Ed. 390 (1884). This contrasts with an action *in personam* which seeks a personal judgment and not control over a *res*. Thus, an *in personam* action presents "no conflict with a prior action in another jurisdiction either before or after judgment, even though the same issues are to be tried and determined." *Forst*, 49 Ariz. at 254, 65 P.2d

at 1382. The second action neither "oust[s] the jurisdiction" of the first court nor results in a conflict of authority. *Id.*

■ Defendant's reliance on criminal cases is also unpersuasive. For the same reason that jurisdiction *in rem* or *quasi in rem* must be exclusive, jurisdiction over "a person in custody under the authority of the court of another jurisdiction" is exclusive. *Kline*, 260 U.S. at 230, 43 S.Ct. at 81; *see also Ponzi v. Fessenden*, 258 U.S. 254, 261, 42 S.Ct. 309, 311, 66 L.Ed. 607 (1922); *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir.1982); *Gonzales v. Horan*, 138 Colo. 275, 332 P.2d 205, 206 (1958).[5]

The defendant's reliance upon *In re Appeal in Maricopa County*, 140 Ariz. 7, 680 P.2d 143 (1984), is also misplaced. In that case, a dependency petition was pending in Yavapai County when an adoption petition was filed in Maricopa County. Although the court was concerned with the impact of the two pending actions on the administration of justice, it *reversed* an order dismissing the adoption case. The court then ordered the consolidation of the two cases. *Id.* at 9–10, 680 P.2d at 145–46. The concern for judicial economy that justified consolidating two separate juvenile proceedings did not require a *dismissal* of either of those proceedings. Nor do they justify dismissal of the plaintiff's racketeering claim here.

Nor are the exclusive federal subject matter jurisdiction cases cited by defendant applicable. *See Nogales Serv. Ctr. v. Atlantic*

---

3. We note that a small minority of states would abate the subsequent action when the federal court is located in the same state. *See Eways v. Governor's Island*, 326 N.C. 552, 391 S.E.2d 182, 186–87 (1990); E.H. Schopler, Annotation, *Stay of Civil Proceedings Pending Determination of Action in Federal Court in Same State*, 56 A.L.R.2d 335, 338–39 (1957 & 1994 Supp.). We decline to join this minority. The dispositive question is whether the two actions are proceeding in courts acting under the same sovereign, not whether they are located within the same territory.

4. *In Dowdy*, the defendants pleaded in abatement a replevin suit pending and undisposed of in the same court. *Dowdy*, 14 Ariz. at 154, 125 P. at 875. In reaching its conclusion, the court stated:
Another suit pending *in the same or other court* between the same parties involving the same

subject of action, pursuing the same or a different remedy for relief, upon application made, cannot stand together. The suit first commenced, in point of time, controls, and, when the remedies are inconsistent, such prior suit is an election of remedy and prevails. *Id.* (emphasis added). While the *Dowdy* court did not note the different treatment accorded to *in rem* and *quasi in rem* actions, the action pleaded in abatement was an *in rem* action.

5. Moreover, one criminal case upon which the defendant relies, *Wilson v. Garrett*, 104 Ariz. 57, 448 P.2d 857 (1969), involved an attempt to prosecute the defendant in two courts in the same state for the same crime. This case is like the civil abatement cases in which there are two actions pending under the same sovereign.

*Richfield Co.*, 119 Ariz. 552, 582 P.2d 642 (App.1978), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978); *Bowen v. Chemi–Cote Perlite Corp.*, 5 Ariz.App. 28, 423 P.2d 104 (1967), *rev'd*, 102 Ariz. 423, 432 P.2d 435 (1967).[6] In *Nogales*, the court affirmed the dismissal of a federal antitrust claim for lack of jurisdiction. *Nogales*, 119 Ariz. at 554, 582 P.2d at 644. While the court did note that a prior action was pending in federal court, the dispositive factor was that the federal courts have exclusive jurisdiction over federal antitrust claims. *Id.* In the present case, the state and federal courts have concurrent jurisdiction; exclusive federal jurisdiction thus does not oust the state court action. Accordingly, the abatement doctrine does not apply, and the superior court was not required to dismiss the claim.

## II.

◼ Having decided that the superior court was not *required* to dismiss we now consider whether the court had the *discretion* to dismiss a claim pending in federal court. We hold that the court may not dismiss the claim. That result is harmonious with the federal rule, which is that a federal court will not generally dismiss a state law claim that has been asserted in a prior state court proceeding. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....' " (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910))).

Four policy considerations argue against dismissal: 1) unforeseen procedural problems in the other forum; 2) unreasonable delays in the other forum; 3) changes in the law; and 4) the need to provide interim relief, such as a temporary restraining order or a preliminary injunction. Because these factors may operate to deprive the litigants of justice if the case were dismissed, dismissal is not the desired outcome.

◼ While the court has no discretion to dismiss, it does have the discretion to stay the action. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). None of the potential injustices of dismissal can arise when the state court merely stays its hand. If the state action is merely stayed, it remains available as needed to effect justice. Yet when the action is stayed, neither the parties nor the court need expend substantial resources to process the action. Moreover, a stay adequately addresses all of the concerns that favor a dismissal. These include: 1) avoiding increased costs; 2) preventing harassment by repeated suits involving the same subject matter; 3) avoiding extra cost and burden to judicial resources; 4) avoiding piecemeal litigation, *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246–47; 5) avoiding unusually difficult questions of federal law that bear upon important policy issues, *see id.* at 814, 96 S.Ct. at 1244–45; and 6) avoiding conflicting judgments by state and federal courts.

◼ Because of the risks of injustice posed by dismissal, and because the countervailing concerns are satisfied by issuing a stay, the superior court should not dismiss an action based on a prior action pending in the federal court and instead should issue a stay order if the circumstances warrant.

◼ Although perhaps not exhaustive, the factors enumerated above should be considered by a superior court when considering whether to grant a stay. Because the defendant did not move to seek a stay, the superior court made no ruling on a stay. We leave that question for the superior court to consider on remand if a stay is sought. We

---

6. While *Bowen* involved an exclusive jurisdiction issue, in dictum the court recognized that in an *in personam* case, "no defect in jurisdiction is found unless the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded." *Bowen*, 5 Ariz. App. at 33, 423 P.2d at 109. This statement merely recognizes the abatement rule that applies when two cases are filed in the same jurisdiction. The court did *not* say that abatement applied whenever two actions are filed in federal and state court.

reverse the order of dismissal and remand for further proceedings.

GARBARINO, P.J., and SULT, J., concur.