NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KIMBERLY LEWIS,
*Petitioner/Appellee,*

*v.*

WILLIAM ANDREW REHKOW,
*Respondent/Appellant.*

No. 1 CA-CV 14-0269 FC
FILED 6-30-2015

Appeal from the Superior Court in Maricopa County
No. FC2002-004726
The Honorable Susan M. Brnovich, Judge

**DISMISSED**

COUNSEL

William Andrew Rehkow, Las Vegas, NV
*Respondent/Appellant*

Perry Childers Hanlon & Hudson, PLC, Phoenix
By Christopher M. Hanlon, James R. Robles
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**O R O Z C O**, Judge:

¶1        William Andrew Rehkow (Father) appeals the family court's grant of Kimberly Lewis's (Mother) stay request. Because we lack jurisdiction, we dismiss the appeal.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2        This case involves a thirteen year-long divorce and child custody dispute that has been appealed to this court three previous times.[2] The record before us consists of seven banker's boxes and nearly 1200 pages of electronic documents. Because the parties are familiar with the proceedings, we briefly summarize only those facts relevant to this appeal.

¶3        In 2008, Father filed a "Petition for Order to Appear Re: Contempt and to Petition for Modification of Custody and Parenting Time." In that petition, Father requested a change in custody and parenting time and alleged Mother and her attorney "willfully and deliberately interfered" with the court's parenting time orders. Father also claimed they "took it

---

[1]        Father's opening brief fails to cite to the record as required by Rule 13(a)(4) of the Arizona Rules of Civil Appellate Procedure. Thus, we disregard the brief's statement of facts and rely on Mother's statement of facts and our own review of the record. *See Sholes v. Fernando*, 228 Ariz. 455, 457 n. 2, ¶ 2 (App. 2011). Moreover, we disregard those portions of Father's reply brief not "strictly confined to rebuttal of points made" in Mother's answering brief. *See* ARCAP 13(c).

[2]        *See Lewis v. Rehkow (Lewis I)*, 1 CA-CV 08-0401, 2009 WL 387751 (Ariz. App. Feb. 12, 2009) (mem. decision); *Lewis v. Rehkow (Lewis II)*, 1 CA-CV 09-0516, 1 CA-CV 09-0569, 2011 WL 1536416 (Ariz. App. Apr. 21, 2011) (same); *City of Phoenix v. Ronan*, 1 CA-SA 13-0009, 2014 WL 1233668 (Ariz. App. Mar. 25, 2014) (same) (Rehkow as Real Party in Interest).

upon themselves to create a false *Tarasoff*[3] warning." Father asserted Mother's attorney gave false information to law enforcement about receiving a *Tarasoff* warning from a psychologist who supposedly had revealed Father would likely kill Mother. Father later filed suit in superior court (civil case) against Mother and her attorney, among others, based on this claim.[4] *Ronan*, 2014 WL 1233668, at *3, ¶ 12.

¶4        The family court denied Father's petition in an eight page minute entry, but did not address Father's alleged "false *Tarasoff*" claim therein. Father appealed to this court and we reversed and remanded for a new hearing on the petition insofar as it concerned the *Tarasoff* issue. *Lewis II*, 2011 WL 1536416, at *4, ¶¶ 14-15. We further ordered the family court to "clarify whether its 2004 order that [Father] participate in psychosexual testing, in addition to the testing he has already undergone, still remains a condition precedent to any expansion of parenting time" and to "determine whether there has been contempt in [Mother's] failure to use the child's legal name." *Id.* at *5-6, ¶¶ 20, 23.

¶5        On remand, the family court made the following findings regarding psychosexual testing and the child's legal name:

> 2. The initial order that both parties participate in psychosexual evaluation was on July 2003, which was before the divorce trial in September, 2003. [Mother] attempted to comply with the order but was unable to comply due to actions of [Father]. [Father] never made any attempts to comply. The trial court ended up conducting the trial without psychosexual evaluations. The July 10, 2003 order for [Mother] to participate in psychosexual evaluations was rendered moot by the trial.
>
> . . .
>
> 4. In September, 2011, Judge McCoy ordered both parties to be tested as part of a custody evaluation. Those tests were

---

[3]        *See Tarasoff v. Regents of Univ. of Cal.*, 551 P.2d 334 (Cal. 1976) (if disclosures reveal the likelihood of harm to another, made during and otherwise confidential patient-psychotherapist communication, the psychotherapist has a duty to inform of the threatening communication).

[4]        The record before us does not contain a copy of Father's complaint because, as they are in in this appeal, the civil case records have been sealed.

never conducted and the custody evaluation was never completed. That Order was rendered moot when the custody evaluation was never completed.

In May 2014, the family court issued a signed minute entry finding that all issues remanded by the Court of Appeals had "been resolved" with the sole exception of Father's claim that Mother should be held in contempt for allegedly making false statements to law enforcement (contempt claim).

¶6  The superior court set Father's civil case for trial, and Mother's counsel estimated that it would take two to three weeks to try the case. On May 19, 2014, the family court found Father's civil case and his contempt claim were based on the same "factual scenario" and granted Mother's motion to stay the contempt claim proceedings pending conclusion of the civil case. The family court also denied Father's Motion to Reconsider and this appeal followed.

## DISCUSSION

¶7  We have an independent duty to determine if we have jurisdiction over this appeal. *See Arvizu v. Fernandez*, 183 Ariz. 224, 226 (App. 1995). The denial of a motion to reconsider is typically not an appealable order. *Spradling v. Rural Fire Prot. Co.*, 23 Ariz. App. 549, 551 (App. 1975). However, we have jurisdiction to review special orders made after final judgment pursuant to Arizona Revised Statute (A.R.S.) section 12-2101 (West 2015).[5]

¶8  To be appealable, a post-judgment order must: 1) raise issues different from those that would arise from an appeal of the underlying judgment and 2) "either affect the judgment or relate to it by enforcing it or staying its execution." *Arvizu*, 183 Ariz. at 227. "[A]n order that is merely 'preparatory' to a later proceeding that might affect the judgment or its enforcement is not appealable." *Id.*

¶9  The family court's order staying Father's contempt claim is not appealable for two reasons. First, staying the proceedings on the contempt claim does not affect or relate to the family court's prior child custody determination. Father's contempt petition effectively requested the family court to "transfer" custody to Father as a punishment for Mother's alleged "willful disobedience" and contempt. "[P]unishment of a parent for contempt is not to be visited on the children and custody is not

---

[5]  We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

to be used as a reward or punishment of parental conduct." *Stapley v. Stapley*, 15 Ariz. App. 64, 70 (App. 1971). The family court provided additional reasons as to why it's ruling did not affect the underlying judgment:

> There is no prejudice to [Father] because if this court found Mother in contempt, that could not result in a modification of legal decision making or parenting time as Father has not completed the requisite psychotherapy and the alleged contemptuous activity occurred over [five] years ago, so the likely sanction would be monetary. A [m]onetary judgment is what [Father] is seeking in civil court.

¶10 Moreover, the stay order is merely preparatory to proceedings that will occur in the family court following the conclusion of the civil case. The stay order does not dispose of Father's contempt claim pending in family court; the proceeding "remains available as needed to effectuate justice." *Tonnemacher v. Touche Ross & Co.*, 186 Ariz. 125, 130 (App. 1996). Denying Father's right to appeal the order does not leave him without appellate review; "it merely postpones the appeal until a more meaningful time." *See Arvizu*, 183 Ariz. at 227. On this record, a more meaningful time for appeal will arrive after the family court lifts the stay and rules on the contempt issue.

¶11 Lastly, Father's Notice of 3rd Amended Appeal seeks review of the family court's May 19, 2014 order granting Mother's stay request. However, Father's Opening Brief raises arguments concerning the family court's custody determinations, orders to conduct psychosexual evaluations, and allegations of Mother's domestic violence, etc. Because those arguments are not encompassed by the notice of appeal, we lack jurisdiction to consider them. *See Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982).

**¶12** Mother requests her attorney fees and taxable costs pursuant to A.R.S. § 25-324.B. In our discretion, we grant her request contingent on her compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶13** For the foregoing reasons, Father's appeal is dismissed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama