EPPICH, Presiding Judge:
¶1 Apache Produce Imports LLC ("Apache") appeals from the trial court's grant of stay to Malena Produce Inc., Delta Fresh LLC, and Delta Fresh Sales LLC (collectively "Malena"). Apache argues the court abused its discretion because issuance of the stay was effectively a denial, without proper consideration, of Apache's pending request for a preliminary injunction. Because we conclude the court effectively denied the preliminary injunction request without considering it under the proper legal standard, we vacate the stay and remand the case for consideration of the preliminary injunction request.
Factual and Procedural Background
¶2 The present action stems from an ongoing dispute between Apache, a produce distributor, and International Greenhouse Produce S.A. de C.V. ("IGP"), a Mexican corporation that grows and markets produce. In 2008, IGP and Apache agreed that Apache would be IGP's produce distributor for ten years, but IGP disputes that, in 2016, it extended that agreement for five more years. That dispute is the subject of ongoing litigation in Mexico related to IGP's corporate governance, and also in Arizona, where IGP has sued for a declaration that the extension is invalid. See Int'l Greenhouse Produce, S.A. de C.V. v. Apache Produce Imports, LLC , No. 2 CA-CV 2018-0147, ¶¶ 1-3, 6-7, 2019 WL 1510997 (Ariz. App. Apr. 5, 2019) (mem. decision) (vacating trial court's denial of Apache's request for preliminary injunction against IGP but finding no jurisdiction to review court's grant of IGP's request for stay).
¶3 After Malena entered an agreement with IGP to distribute IGP's produce for the 2018-19 growing season, Apache sued Malena for interference with contract and unjust enrichment, seeking money damages and an injunction preventing Malena from receiving or distributing IGP's produce. Apache then applied for a temporary restraining order and a hearing on its preliminary injunction request. Four weeks later, Malena moved to *344 stay the case. Without addressing Apache's pending request for injunctive relief, the trial court granted the stay, finding it would "save[ ] substantial resources" and "avoid[ ] multiple suits on the same subject matter, piecemeal litigation, difficult questions of foreign law that bear upon important policy issues, and conflicting judgments by different courts." Apache filed a special action, in which this court summarily declined to accept jurisdiction. See Apache Produce Imports, LLC v. Malena Produce, Inc. , No. 2 CA-SA 2018-0072 (Ariz. App. Nov. 20, 2018) (order). Apache timely appealed.
Discussion
Jurisdiction
¶4 Apache contends that we have jurisdiction in this case under A.R.S. § 12-2101(A)(5)(b), which provides appellate jurisdiction from orders "refusing to grant ... an injunction." Apache acknowledges that the trial court did not explicitly refuse to grant the injunction, but argues it effectively did so by granting Malena's stay request without considering the pending injunction request.
¶5 We agree the trial court effectively refused to grant the requested injunction. Before hearing the preliminary injunction request, the court held a hearing on Malena's later-filed stay motion. At the hearing, the court granted the stay from the bench without considering the pending preliminary injunction request and confirmed that the grant of stay was final pending results in the related litigation.
¶6 Malena contends the trial court did not refuse the injunction request because the court may still address it after the other litigation resolves. But "preliminary injunctive relief exists for a reason: to provide 'speedy relief from irreparable injury.' " Apple, Inc. v. Samsung Elecs. Co. , 678 F.3d 1314, 1334 (Fed. Cir. 2012) (O'Malley, Circuit Judge, concurring in part, dissenting in part) (emphasis added) (quoting Ross-Whitney Corp. v. Smith Kline & French Labs. , 207 F.2d 190, 198 (9th Cir. 1953) ). By indefinitely postponing any possibility for relief, the stay order effectively denied Apache its opportunity for "speedy relief," and thus effectively denied the injunction request. Id. (quoting Ross-Whitney Corp. , 207 F.2d at 198 ).
¶7 Apache does not cite, nor are we aware of, any Arizona case concluding jurisdiction exists under § 12-2101(A)(5)(b) when a stay order effectively denies a preliminary injunction. But this court has found jurisdiction under § 12-2101 when a preliminary injunction request is effectively denied by an order addressing a different issue. See Transp. Workers Union, Local 502, AFL-CIO v. Tucson Airport Auth., Inc. , 11 Ariz. App. 296, 298, 464 P.2d 367 (1970) (finding appellate jurisdiction under § 12-2101 where appealed order, which dissolved a temporary restraining order as moot, "in effect denied the preliminary injunction").
¶8 We find the reasoning in Procter & Gamble Co. v. Kraft Foods Global, Inc. , 549 F.3d 842 (Fed. Cir. 2008), to be persuasive. In that case, the court concluded-under a jurisdiction statute substantially similar to § 12-2101(A)(5)(b) -that an appellate court has jurisdiction when a trial court grants a stay and refuses to consider a pending motion for a preliminary injunction, effectively denying the injunction request. Procter & Gamble , 549 F.3d at 846 (finding jurisdiction under 28 U.S.C. § 1292(a)(1) where trial court imposed stay and refused to consider merits of preliminary injunction request until stay was lifted); see also Clean Air Coordinating Comm. v. Roth-Adam Fuel Co. , 465 F.2d 323, 325 (7th Cir. 1972) (finding jurisdiction where stay imposed, pending resolution of issues in other proceedings, "in effect constituted the refusal of a preliminary injunction"); Abbott v. Perez , --- U.S. ----, ----, 138 S. Ct. 2305, 2319, 201 L.Ed.2d 714 (2018) ("[W]here an order has the 'practical effect' of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction." (quoting Carson v. Am. Brands, Inc. , 450 U.S. 79, 83, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981) )). The court concluded that jurisdiction exists to review an ordinarily non-appealable stay order in this circumstance because the imposition of the stay is intertwined with the effective denial of the injunction. See Procter & Gamble , 549 F.3d at 846. This reasoning is sound and consistent with the result in *345 Transport Workers Union . We therefore conclude jurisdiction exists under § 12-2101(A)(5)(b) to review the stay order as an effective denial of Apache's preliminary injunction request.[1]
Order of stay and effective refusal of preliminary injunction
¶9 We review a trial court's grant of stay for an abuse of discretion, Tri City Nat'l Bank v. Barth , 237 Ariz. 90, ¶ 10, 346 P.3d 27 (App. 2015), and review the denial of preliminary injunction under that same standard, Shoen v. Shoen , 167 Ariz. 58, 62, 804 P.2d 787, 791 (App. 1990). When an order denies a preliminary injunction, "[a]n abuse of discretion exists if the superior court applied the incorrect substantive law or preliminary injunction standard, based its decision on an erroneous material finding of fact, or applied the appropriate preliminary injunction standard in a manner resulting in an abuse of discretion." TP Racing, L.L.L.P. v. Simms , 232 Ariz. 489, ¶ 8, 307 P.3d 56 (App. 2013). As the stay order is intertwined with the effective denial of preliminary injunction, we will consider them together. See Procter & Gamble , 549 F.3d at 846-47 (when order denies preliminary injunction and grants stay, "the denial of the preliminary injunction and the stay must be considered together" and the portion of the order granting the stay is also appealable (quoting Privitera v. Cal. Bd. of Med. Quality Assurance , 926 F.2d 890, 892-93 (9th Cir. 1991) )).
¶10 The considerations in granting or denying a preliminary injunction differ from those involved in deciding whether to grant a stay. In ruling on a request for preliminary injunction, a court must consider whether the moving party has shown: (1) a strong likelihood of success at trial on the merits, (2) the possibility of irreparable injury not remediable by damages, (3) a balance of hardships in its favor, and (4) public policy favoring the injunction. Shoen , 167 Ariz. at 63, 804 P.2d at 792. As an alternative to showing "probable success on the merits and the possibility of irreparable injury," the moving party may prevail by showing "the presence of serious questions" and that " 'the balance of hardships tip sharply' " in its favor. Id. (quoting Justice v. Nat'l Collegiate Athletic Ass'n , 577 F. Supp. 356, 363 (D. Ariz. 1983) ). In deciding whether to grant a stay, the court considers whether the stay would further purposes such as (1) "avoiding increased costs" to parties, (2) "preventing harassment by repeated suits involving the same subject matter," (3) "avoiding extra cost and burden to judicial resources," (4) "avoiding piecemeal litigation," (5) "avoiding unusually difficult questions of federal law that bear upon important policy issues," and (6) "avoiding conflicting judgments by state and federal courts." Tonnemacher v. Touche Ross & Co. , 186 Ariz. 125, 130, 920 P.2d 5, 10 (App. 1996).
¶11 In Procter & Gamble , the federal circuit court ruled the trial court abused its discretion by issuing a stay that effectively denied a preliminary injunction motion. 549 F.3d at 847. In that case, which applied a four-factor preliminary injunction standard substantially similar to the one employed in Arizona, the trial court had expressly declined to consider three of the four factors. Id. Instead, it vacated a scheduled hearing on the motion and ruled the request for a preliminary injunction was moot. Id. at 845, 847. There, much like here, the court's aim was to avoid analyzing claims pending in other proceedings. Id. at 845. But the federal circuit court concluded that the trial court could not grant a stay and avoid the pending preliminary injunction request "without considering and balancing the required factors" for a preliminary injunction. Id . at 847.
¶12 We similarly conclude that a trial court abuses its discretion when it avoids considering a pending preliminary injunction request by granting a stay. Because the considerations for stays and preliminary injunctions differ, granting a stay without considering a pending preliminary injunction request effectively denies speedy relief to a party facing allegedly irreparable harm without properly considering whether such relief is justified. None of the general considerations for a stay bears on the likelihood that *346 a party will prevail at trial or suffer irreparable injury, for example. See Tonnemacher , 186 Ariz. at 130, 920 P.2d at 10. And while factors favoring a stay could certainly be relevant to determining a balance of hardships or whether public policy favors an injunction, see id. , merely finding that a stay would further one or more valid objectives is insufficient to determine whether a preliminary injunction is warranted.
¶13 Therefore, the trial court abused its discretion by issuing a stay order that effectively denied Apache's pending preliminary injunction request. While the court's findings and conclusions reflect the general considerations for a grant of stay, they do not reflect the proper considerations for a preliminary injunction request and therefore were not sufficient to determine whether a preliminary injunction was warranted. While we acknowledge the court's concern that determining Apache's likelihood of ultimate success on the merits may not be easy, the burden is on Apache to establish the requisite likelihood of success. By pre-empting a hearing on the preliminary injunction and imposing the stay order, the court foreclosed Apache's opportunity to provide information shedding light on its chances. Moreover, the court's concern for conflicting judgments does not warrant denial of the preliminary injunction request, as the preliminary injunction standard expressly contemplates uncertainty as to the merits. See Shoen , 167 Ariz. at 63, 804 P.2d at 792.[2]
Disposition
¶14 We vacate the trial court's stay order and remand for consideration of Apache's preliminary injunction request.[3]

As we have found jurisdiction exists under § 12-2101(A)(5)(b), we need not reach Apache's contention that jurisdiction exists under § 12-2101(A)(3).

We reject Malena's contention that there is no difference between the stay here and the stay the trial court issued in Apache's litigation with IGP, which we declined to overturn. In that case, Apache did not request a preliminary injunction until after the court granted the stay; thus the grant of stay did not effectively deny a preliminary injunction request. See Int'l Greenhouse Produce , No. 2 CA-CV 2018-0147, ¶ 3.

As Malena did not prevail, we decline its request for attorney fees and costs under A.R.S. §§ 12-341.01 and 12-342. We do not consider Malena's arguments that A.R.S. § 12-1802(5) and the common law bar injunctive relief, that Apache's request for preliminary injunction fails under the Shoen standard, and that Apache's request is vitiated because it cited to its original complaint rather than its amended complaint in its motion. These arguments, which concern the merits of the preliminary injunction request, may be raised when the trial court considers that request on remand.