NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PRESTO AUTO LOANS INC,
*Plaintiff/Appellee*,

v.

ENGEN NURUMBI,
*Defendant/Appellant*.

No. 1 CA-CV 19-0077

FILED 5-19-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-007277
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Jennings Strouss & Salmon, PLC, Peoria
By David Brnilovich, Garrett J. Olexa
*Counsel for Plaintiff/Appellee*

Engen Nurumbi, Laveen
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1         Engen Nurumbi appeals the superior court's denial of his motion to transfer and motion to vacate the final judgment. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Presto Auto Loans, Inc. ("Presto") sued Nurumbi for the balance of an unpaid car loan in June 2017. Nurumbi counterclaimed for violations of federal law, including the Consumer Financial Protection Act and the Truth in Lending Act. Presto moved for summary judgment on Nurumbi's counterclaim, which Nurumbi opposed based on what he claimed were misleading Presto advertisements attached to his response. The court denied Presto's motion, finding a triable issue of fact on whether Presto complied with applicable loan disclosure requirements.

¶3         The court then ordered a settlement conference on January 23, 2018, directing the parties to conduct a joint telephonic conference with the appointed judge pro tempore within 10 calendar days of receiving a February 23 order. Nurumbi ignored the order. On March 30, the court ordered Nurumbi to disclose the original versions of the alleged Presto advertisements attached to his summary judgment response "no later than April 18, 2018." Nurumbi ignored the order. In all, Nurumbi disregarded more than six months of litigation deadlines and discovery requests. The discovery period ended on April 30. The court sanctioned Nurumbi by striking his summary judgment response and attachments, and granting Presto's motion for summary judgment.

¶4         Presto then moved for summary judgment on its contract claim on July 16. After several months of silence, Nurumbi filed a response in opposition on August 20, attributing his absence to illness. Nurumbi then moved to transfer the lawsuit to federal court and "put aside" the superior court's sanction. He attached 226 pages of miscellaneous medical documents from February 19 to March 29, including lab reports, data sheets and diagnostic test results. The court granted summary judgment to Presto

on its contract claim and denied Nurumbi's motion. The court noted that Nurumbi cited no authority for his transfer request and determined that Nurumbi's unverified medical records covered a small portion of his extended silence and neglect of litigation requirements. While acknowledging that Nurumbi's medical records show he "has experienced health issues," the court found "they do not support his claim to have been in a coma, or otherwise incapable of physical movement, in March and April of [2018 or] explain why Defendant Nurumbi has consistently ignored his obligations under applicable rules and orders of this Court," including discovery requests "served in February 2018" and the court's February 2018 order "that the parties participate in a settlement conference."

¶5        The court ultimately entered final judgment. Nurumbi moved to vacate the judgment under Arizona Rule of Civil Procedure 60(b), parroting his illness justification. Additionally, he provided a doctor's note stating that he "was hospitalized for multiple episodes throughout 2018" related to "a chronic medical condition." The court denied the motion, finding that Nurumbi's medical records at most accounted for a fraction of his extended failure to participate in the lawsuit. Nurumbi timely appealed. We have jurisdiction under A.R.S. §§ 12-2101(A)(2) and -2102(A).

## DISCUSSION

### I.        Motion to Transfer.

¶6        Nurumbi first argues the court erred in denying his motion to transfer this case to federal court, but the superior court lacks the power to grant that relief. State and federal courts "are part of two different and independent systems." *Tonnemacher v. Touche Ross & Co.*, 186 Ariz. 125, 128 (App. 1996). Federal law sets forth the procedure to remove a state lawsuit to federal court, including that Nurumbi file a notice of removal in federal court within thirty days of receiving Presto's complaint. *See* 28 U.S.C. § 1446(a)–(b)(1).

### II.        Motion to Vacate.

¶7        Nurumbi next challenges the denial of his motion to vacate the judgment, claiming the superior court abused its discretion in "fail[ing] to apply excusable neglect rules."

¶8        We review the superior court's denial of a Rule 60(b) motion for an abuse of discretion, *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018), and will affirm "unless undisputed facts and circumstances require a

contrary ruling," *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (internal quotation marks and citation omitted). The superior court may relieve a party from a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Ariz. R. Civ. P. 60(b)(1). A party's neglect or inadvertence is excusable when it "might be the act of a reasonably prudent person under the same circumstances." *Geyler*, 144 Ariz. at 331.

**¶9** The court did not abuse its discretion. Nurumbi made no effort to demonstrate the diligence requirement for excusable neglect. *See id.* at 332 ("[D]iligence is the final arbiter of whether mistake or neglect is excusable."). At a minimum, Nurumbi should have tried to apprise the court and opposing counsel of his illness. Moreover, Nurumbi's illness justification accounts for a fraction of his delay—over four months elapsed between his last medical document and his reappearance in the lawsuit.

**¶10** Even so, Nurumbi contends it is unreasonable to expect a self-represented litigant to fully abide by court orders and rules. But a self-represented litigant is not excused from strict compliance with court orders and rules. *See Maher v. Urman*, 211 Ariz. 543, 551, ¶ 23 (App. 2005) ("That [appellant] was unrepresented did not excuse him from his burden to diligently adhere to the court's rules.").

## CONCLUSION

**¶11** We affirm the superior court's judgment. We grant Presto's request for attorney fees on appeal under A.R.S. § 12-341.01(A). We also award Presto its costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(b).



AMY M. WOOD • Clerk of the Court
FILED:   AA