# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3150

_____

Patrick T. Manion, Jr.,

        Plaintiff-Appellant,

    v.

Stephen E. Nagin; Herzfeld &
Rubin; Herzfeld & Rubin, P.C.;
Nagin Gallop Figueredo, P.A.;
Boat Dealers' Alliance, Inc.,

        Defendants-Appellees.

Appeal from the United
States District Court for
the District of Minnesota.

_____

Submitted: June 11, 2001
Filed: July 6, 2001

_____

Before WOLLMAN, Chief Judge, HAMILTON[1], and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

This case grows out of an employment agreement Patrick Manion had with Boat Dealers' Alliance, Inc. (BDA), a buying cooperative of independent retail marine dealers. After Manion was terminated as executive director, he brought this action against BDA and its general counsel Stephen E. Nagin and associated entities, alleging

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

breach of contract and of fiduciary duty, negligence, and interference with contract, and seeking declaratory and injunctive relief. The district court[2] denied preliminary injunctive and declaratory relief, ordered the parties to arbitration, and stayed the action. Manion appeals. We affirm the order denying a preliminary injunction and dismiss the remainder of the appeal for lack of jurisdiction.

Patrick Manion is a Minnesota resident with many years of experience in the retail boat industry. In 1995, Manion hired attorney Stephen Nagin to help him organize and operate a buying cooperative of independent retail marine dealers. With Nagin's assistance, Boat Dealer's Alliance, Inc. (BDA), was incorporated in Florida later that year. Nagin subsequently drafted a long term Management Agreement (Agreement) between Manion and BDA. This Agreement, which provided that Manion would serve as executive director of BDA for a period of not less than twenty years, included an arbitration clause in the event of any dispute between the parties.[3] The Agreement also included a provision permitting either party to request interim judicial relief:

> The power conferred by this paragraph is without prejudice to the right of a party under applicable law to request interim relief directly from any court, tribunal, or other governmental authority of competent jurisdiction, and to do so without prior authorization of the arbitrator(s). Such a request for interim relief neither shall be deemed incompatible with, nor a waiver of, the requirement of arbitration of disputes.

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[3]The Agreement specifically provided that "[i]n the event that any dispute arises with respect to the interpretation, execution, or enforcement of this Agreement, the same shall be submitted to binding arbitration."

Another provision indicated that a party would be "entitled to injunctive relief in case of any breach."

In February 1999, the membership of BDA voted to terminate Manion's employment for gross mismanagement. A year later, Manion filed this lawsuit against BDA, Nagin, and various law firms with which Nagin was or had been affiliated (the Nagin defendants). Manion's complaint alleged a breach of contract claim against BDA and sought declaratory and injunctive relief. Against the Nagin defendants he alleged breach of fiduciary duty, negligence, and interference with contract. Manion also initiated a parallel arbitration proceeding with the American Arbitration Association for determination of the issue of whether BDA had valid cause to terminate him.

The arbitration proceedings were stayed while Manion brought motions in district court, seeking injunctive relief against BDA for reinstatement of the salary and benefits that it had discontinued on termination and declaratory relief regarding the interpretation of the term "anniversary date" in the Agreement. BDA moved in turn to dismiss this action and to compel arbitration, and the Nagin defendants moved for dismissal or for a stay pending arbitration between Manion and BDA. The law firm of Litchford and Christopher moved to dismiss the claims against it for lack of personal jurisdiction.

The court applied federal law to examine whether Manion's claims fell within the scope of the arbitration agreement and concluded that the arbitration clause covered disputes about interpretation of the terms of the Agreement. The court granted BDA's motion to compel arbitration but stayed this action rather than dismissing it. It denied Manion's requests for declaratory and injunctive relief, granted the motion of the Nagin defendants to stay proceedings pending completion of arbitration between Manion and BDA, and dismissed the law firm of Litchford and Christopher for lack of personal jurisdiction.

Manion attempts to appeal all aspects of the district court's order except its dismissal of Litchford and Christopher. He contends that the district court erred in denying his contractual right to interim relief in aid of arbitration, in denying his motion for declaratory relief (which is now described as a motion for partial summary judgment), and in staying Manion's claims against the Nagin defendants. BDA and the Nagin defendants contend that the entire appeal should be dismissed for lack of appellate jurisdiction, but ask for affirmance if jurisdiction exists.

We start with Manion's appeal from the denial of his motion for injunctive relief because interlocutory appellate jurisdiction exists under 28 U.S.C. § 1292(a)(1). See Morgenstern v. Wilson, 29 F.3d 1291, 1294-95 (8th Cir. 1994) ("if an interlocutory order expressly grants or denies a request for injunctive relief . . . the order is immediately appealable as of right"). A district court has broad discretion when ruling on requests for preliminary injunctions, and we will reverse only for clearly erroneous factual determinations, an error of law, or abuse of discretion. See Entergy, Arkansas, Inc. v. Nebraska, 210 F.3d 887, 898 (8th Cir. 2000).

In denying Manion's motion for an injunction, the district court relied on Peabody Coalsales Co. v. Tampa Elec. Co., 36 F.3d 46 (8th Cir. 1994), for the proposition that injunctive relief is inappropriate in a case involving arbitrable issues unless the contract terms contemplate such relief and it can be granted without addressing the merits. The district court observed that the Agreement between Manion and BDA did not contain language similar to the contract in Peabody, which provided for continued performance during the pendency of arbitration, and that it could not grant Manion's motion without interpreting the Agreement and entangling itself in the merits. The court also noted that Manion had not received his salary or benefits for nearly a year before filing this action so an injunction was not needed to maintain the status quo.

Manion claims that Peabody entitles him to injunctive relief. He maintains that the Agreement contains the following qualifying language for such relief:

Both parties acknowledge that a lawsuit merely for damages that occur, or are likely to occur, as a consequence of a breach of any of the provisions of this Agreement will be inadequate, and that *either party is entitled to injunctive relief in case of any breach*, as well as all other relief available via law or equity.

[*The agreement to arbitrate*] *is without prejudice to the right of a party under applicable law to request interim relief* directly from any court, tribunal, or other governmental authority of competent jurisdiction, and to do so without prior authorization of the arbitrator(s). Such a request for interim relief neither shall be deemed incompatible with, nor a waiver of, the requirement of arbitration of disputes (emphasis supplied).

In a case involving the Federal Arbitration Act (FAA), courts should not grant injunctive relief unless there is "qualifying contractual language" which permits it. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey, 726 F.2d 1286, 1292 (8th Cir. 1984). This approach is consistent with the plain meaning of the FAA and the "unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." Id. (citations omitted). A key issue in the case before the court is whether the Agreement has such "qualifying contractual language."

Qualifying contractual language is "language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute." Peabody, 36 F.3d at 47, n. 3. The terms of the contract in Peabody provided that performance of obligations under it "shall be continued in full by the parties during the dispute resolution process," and this court concluded that the contract required continued performance during arbitration, entitling the movant to an injunction. Id. at 47- 48. Under the FAA, courts are to issue orders "directing the parties to proceed to arbitration *in accordance with the terms of the agreement*." Id. at 48 (emphasis supplied). Where a "contract *clearly* requires continued performance during the

arbitration process," the result is consistent with the congressional purpose to avoid court delays and does not implicate concerns of courts becoming impermissibly entangled in the merits of the underlying dispute.  Id. (emphasis supplied).

Careful examination of the Agreement here leads to the conclusion that it does not contain qualifying language to provide "clear grounds to grant relief without addressing the merits of the underlying dispute."  Peabody, 36 F.3d at 47, n. 3.  It is true that the Agreement contemplates the possibility of interim judicial relief in the event of a dispute between the parties.  It does not provide that a party is automatically entitled to injunctive relief, however, but only that a party may *request* such relief.  Unlike the Peabody contract, it does not specify that the parties' "respective obligations . . . shall be continued in full by the parties during the dispute resolution process."  The provision allowing a party to request interim relief has been fulfilled since Manion filed a motion for a preliminary injunction and it was ruled on by the district court.  Another provision in the Agreement states that a party is entitled to injunctive relief "in case of any breach," but in order to issue such relief the district court would have been required to determine that a breach had occurred and to have made a determination on the merits of the underlying dispute, an issue for the arbitrator.  See Peabody, 36 F.3d at 47-48; Hovey, 726 F.2d at 1292.

Manion has not shown that he could satisfy the traditional requirements for injunctive relief, particularly the threat of irreparable harm.  See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).  He had not been receiving compensation or benefits from BDA for over a year before he filed his motion for a preliminary injunction, and he should be able to be fully compensated if he succeeds on the merits.  He also has not shown that there is a probability that he will ultimately succeed on the merits.  The traditional test does not help Manion's attempt to get interim injunctive relief, and we reject his argument that he has any type of automatic right to such relief under the Agreement.  We conclude that the district court did not abuse its discretion in denying Manion's request for a preliminary injunction.

Manion also seeks to appeal the district court's denial of his motion for partial summary judgment and its grant of the appellees' motion to compel arbitration and stay proceedings, but we lack jurisdiction over these issues. Absent a district court certification under 28 U.S.C. § 1292(b), and there is none here, an interlocutory order directing arbitration and staying an action is not appealable. See 9 U.S.C. § 16(b); see also Green Tree Corp. v. Randolph, 121 S.Ct. 513, 520 n. 2 (2000). Moreover, with the exception of the small class of appealable interlocutory orders falling within the collateral order doctrine, "a denial of summary judgment is not treated as final and cannot be appealed until the conclusion of the case on the merits." Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001). Manion has not shown that the remainder of his appeal falls within the collateral order exception, and these issues are not "inextricably intertwined" with the denial of the preliminary injunction or "necessary to ensure meaningful review of the appealable [issue]." Kincade v. City of Blue Springs, 64 F.3d 389, 394 (8th Cir. 1995) (citations omitted). We therefore lack jurisdiction over these issues.[4]

We affirm the order of the district court denying injunctive relief and dismiss the remaining issues for lack of appellate jurisdiction.

---

[4]Manion asks for a writ of mandamus under 28 U.S.C. § 1651(a) if appellate jurisdiction is lacking, but he has not made any showing that he is entitled to such extraordinary relief. See In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.