# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2129

_____

| | | |
|---|---|---|
| Beck, formerly known as David Wayne Beck, | * * * | |
| Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | District of Minnesota. |
| Erik Skon; David Crist; Dr. Christopher Ceman, | * * * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted: March 4, 2004

Filed: March 18, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate "Reverend Beck" (formerly known as David Wayne Vanderbeck) appeals the district court's[1] order denying his motion for a preliminary injunction and temporary restraining order (TRO). We affirm.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

Beck filed a 42 U.S.C. § 1983 action against prison officials, claiming they violated his rights under the Eighth and Fourteenth Amendments. We affirmed the district court's grant of summary judgment for defendants on all but one claim, i.e., that officials conditioned needed surgery on his execution of a release of liability. As to that claim, we remanded for further development of the record. See Beck v. Skon, 253 F.3d 330, 334 (8th Cir. 2001). On remand, Beck filed a motion for a preliminary injunction and TRO, and for "a three-judge court," requesting the district court to stop defendants from harassing him, denying him proper placements, denying him proper medical treatment, denying him necessary legal documents, and placing him at further risk of assault. The district court denied the motion.

We have jurisdiction to review the denial of injunctive relief, see 28 U.S.C. § 1292(a)(1), and "we will reverse only for clearly erroneous factual determinations, an error of law, or abuse of discretion," see Manion v. Nagin, 255 F.3d 535, 538 (8th Cir. 2001). There is no basis for reversal here. See Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205 (8th Cir. 1997) (factors to determine whether injunctive relief is warranted). To the extent Beck asserted in his motion that he is being denied the opportunity to litigate the claim at issue on remand, there are avenues by which he can seek specific documents and depositions necessary to litigate the relevant claim. See Fed. R. Civ. P. 37(a), 56(f). Beck's remaining bases for injunctive relief are not within the scope of the remand order. Cf. Children's Broadcasting Corp. v. Walt Disney Co., 2004 WL 111806, at *8 (8th Cir. Jan. 26, 2004) (liability question was beyond scope of limited remand for new trial on damages).

Accordingly, we affirm.

_____