# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3565

_____

| | | |
|---|---|---|
| Thomas Pellegrino, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Bill Janklow, South Dakota State | * | |
| Governor; Jeff Bloomberg, South | * | |
| Dakota Secretary of Corrections; | * | |
| Doneen Hollingsworth, South Dakota | * | Appeal from the United States |
| Secretary of Health; Douglas Weber, | * | District Court for the |
| Warden, South Dakota State | * | District of South Dakota. |
| Penitentiary; Eugene Regier, M.D., | * | |
| Medical Director of SDSP Health | * | [UNPUBLISHED] |
| Services (aka:  The SD Department of | * | |
| Health Correctional Health Care); | * | |
| South Dakota State Penitentiary; Mr. | * | |
| Zike, P.A., SDSP; R. L. Kuemper, | * | |
| Associate Warden, SDSP; Troy Ponto, | * | |
| SDSP Unit Mgr., SDSP; J. P. Syverson, | * | |
| SDSP Health Services Nurse and | * | |
| Officer Director; Buthe, SDSP; Frazier, | * | |
| SDSP Corrections Officer; Deyong, | * | |
| Unit Counselor, SDSP; Dave Schiefen, | * | |
| SDSP Mgmt. (Policy) Analyst; Gregory | * | |
| Desautel, M.D.; James Shaeffer, M.D., | * | |
| Michael Rost; Health Care Medical | * | |
| Technology, Inc.; Co. Schnieder, | * | |
| Health Services; Nurse Vince, | * | |
| | * | |
| Defendants-Appellees. | * | |

------------------------     *

    *

Thomas Pellegrino,     *

    *

       Plaintiff-Appellant,     *

    *

     v.     *

    *

Tim Reisch, in his official and     *
individual capacities; Douglas Weber,     *
in his official and individual capacities;     *
Dave Schiefen, in his individual     *
capacity; Brian Lee, in his individual     *
capacity; Sonny Walter, SDSP Inmate     *
Contract Attorney, in his individual     *
capacity; Miller-Hunhof, in her     *
individual capacity; Doneen     *
Hollingsworth, in her official and     *
individual capacities; Michael Rost, in     *
his official and individual capacities;     *
Eugene Regier, Dr., in his official and     *
individual capacities; Mr. Zike, in his     *
individual capacity; J. P. Syverson, in     *
his individual capacity; Troy Ponto, in     *
his individual capacity; J. D. Miller,     *
SDSP, in his individual capacity; Bill     *
Janklow, South Dakota State Governor;     *
Jeff Bloomberg, South Dakota     *
Secretary of Corrections; South Dakota     *
State Penitentiary; R. L. Kuemper,     *
Associate Warden, SDSP; Nurse Buthe,     *
SDSP; Co Frazier, SDSP Corrections     *
Officer; Mr. Deyong, Unit Counselor,     *
SDSP; Gregory Desautel, M.D.; James     *
Shaeffer; Michael Rost, Dr.; Health     *
Care Medical Technology, Inc.;     *
Co. Schnieder, Health Services;     *

Nurse Vince,                                    *
                                                *
        Defendants-Appellees.        *
                        _____

                        Submitted:  July 1, 2004
                             Filed:  November 10, 2004
                        _____

Before BYE, LAY, and MELLOY, Circuit Judges.
                        _____

PER CURIAM.

        Thomas Pellegrino is an inmate at the South Dakota State Penitentiary.  In late 2002 and early 2003, Pellegrino filed two *pro se* lawsuits alleging, *inter alia*, that prison officials and others were deliberately indifferent to his serious medical needs.  These cases were later consolidated.  On September 2, 2003, Pellegrino moved for a court-appointed medical expert, a temporary restraining order, and a hearing for a preliminary injunction.  Without holding a hearing, the district court denied Pellegrino's motion on September 22, 2003.  Pellegrino has filed this interlocutory appeal challenging the denial of his tripartite motion.  See 28 U.S.C. § 1292(a)(1).

        We do not have jurisdiction to review the district court's denial of a temporary restraining order.  See, e.g., Hamm v. Groose, 15 F.3d 110, 112-13 (8th Cir. 1994). We review the denial of a preliminary injunction and the denial of a court-appointed medical expert for an abuse of discretion.  See Manion v. Nagin, 255 F.3d 535, 538 (8th Cir. 2001) (preliminary injunction); United States v. Provost, 875 F.2d 172, 175 (8th Cir. 1989) (appointment of an expert witness).

        In his court filings and again on appeal, Pellegrino alleges that Defendants have denied him needed medical care.  Some of Pellegrino's allegations strike us as totally

-3-

outrageous–for instance, that there is a vast conspiracy among Defendants to kill him. Pellegrino also alleges that Defendants have refused to let him see specialists, have refused to fill prescriptions or have purposely given him the wrong medications, and have denied him follow-up visits ordered by his doctors. Defendants deny these allegations.

In the past, Pellegrino has flooded the district court with various complaints against prison authorities, and the district court has become familiarized with the frivolous nature of Pellegrino's claims. In the present case, the district court stated it was not persuaded that a temporary restraining order or a preliminary injunction was required, finding that Pellegrino did not show a probability of success on the merits of his claims.

Under the circumstances, we affirm the district court's decision and urge the district court not to entertain any further complaints by Pellegrino which would require certification of in forma pauperis petitions in both the district court and in this court. We hold that Pellegrino's continued abuse of the legal process has placed an undue strain on the judicial resources of the district court as well as this court. The only complaint that the district court must seriously entertain and review is one of imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

The appeal is dismissed.

It is so ordered.

_____

-4-