# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-2225

————————

Anna M. Slavin,                *
                                   *

        Appellant,      *

                                 *   Appeal from the United States

v.                     *   District Court for the

                                 *   Western District of Arkansas.

United States of America,   *

                                 *    [PUBLISHED]

        Appellee.       *

————————

Submitted: March 25, 2005
Filed: April 4, 2005

————————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Anna Slavin, who raises gamefowl in Arkansas, brought this civil action challenging the constitutionality of the Animal Welfare Act after it was amended in 2002 to prohibit the knowing transportation of birds in interstate or foreign commerce for purposes of having the birds participate in a fighting venture, regardless whether the fight would be legal in the state where it was to occur. The district court[1]

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

dismissed Slavin's complaint and denied her motions for preliminary injunctive relief and for permission to amend her complaint. This appeal followed. We affirm.

We agree with the district court that Slavin's Commerce Clause challenge fails because by its terms the statute covers only the interstate and foreign movement of birds. See 7 U.S.C. § 2156(b); United States v. Lopez, 514 U.S. 549, 558 (1995) (Congress's Commerce Clause power extends to, inter alia, regulation of use of channels of interstate commerce and regulation and protection of instrumentalities of interstate commerce, or persons or "things" in interstate commerce); cf. United States v. Stuckey, 255 F.3d 528, 529-30 (8th Cir.) (upholding felon-in-possession statute under Commerce Clause where it contained express jurisdictional element satisfying Commerce Clause; statute regulated only those weapons affecting interstate commerce by being subject of interstate trade), cert. denied, 534 U.S. 1011 (2001).

Reading Slavin's complaint liberally to raise a vagueness challenge, we find the statute is not unconstitutionally vague because it provides fair warning of what is proscribed, see Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 503 (1982) (in reviewing business regulation for facial vagueness, whether law affords fair warning of what is proscribed is principal inquiry), and there is a requirement that the sales and shipment of gamefowl for purposes of fighting be done knowingly, see id. at 499 (scienter requirement may mitigate vagueness, especially with respect to notice of what conduct is proscribed); United States v. Hiland, 909 F.2d 1114, 1127 (8th Cir. 1990) (mens rea requirement of fraudulent intent strips vagueness argument of merit). We also agree with the district court that Slavin's "taking" claim fails. Cf. Andrus v. Allard, 444 U.S. 51, 64-68 (1979) (simple prohibition of sale of lawfully acquired property does not effect a taking).

Finally, the district court did not abuse its discretion in denying preliminary injunctive relief, see Manion v. Nagin, 255 F.3d 535, 538, 539 (8th Cir. 2001) (district court has broad discretion when ruling on requests for preliminary injunction,

and will be reversed only for clearly erroneous factual determinations, error of law, or abuse of discretion; affirming denial of preliminary injunction in part because movant did not show likelihood of success on merits); or in denying leave to amend, see Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989) (district courts may deny leave to amend if proposed changes would not save complaint).

      Accordingly, we affirm.

_____