# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2581

_____

United States of America,      *
     *
         Appellee,      *     Appeal from the United States
     *     District Court for the District
     v.      *     of Minnesota.
     *
Nancy Lee Kraft,      *         [UNPUBLISHED]
     *
         Appellant.      *

_____

Submitted: January 9, 2006
Filed: January 13, 2006

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Nancy Lee Kraft and her husband ran businesses dealing in wildlife and exotic animals, an area regulated by the Lacey Act, 16 U.S.C. § 3371-78, among other federal laws. In submitting governmental form 7020 covering interstate transportation of protected wildlife, the Krafts falsely claimed illegal interstate sales of protected wildlife were lawful donations. The Government charged the Krafts with submitting false records for wildlife transported in interstate commerce, and conspiracy to submit false records. See 16 U.S.C. § 3372(d)(2), 18 U.S.C. § 371. After Kraft's husband pleaded guilty, a jury convicted Kraft of submitting false

records and conspiracy to do so. The district court[*] sentenced Kraft to fifteen months in prison.

Section 3372(d)(2) makes it unlawful for any person to make or submit any false record for any wildlife that is transferred in interstate commerce. Kraft contends the false forms she prepared and submitted do not qualify as records under the Act. Contrary to Kraft's contention, form 7020 is a record within the term's common definition. See United States v. Kapp, 419 F.3d 666, 668, 676 (7th Cir. 2005) (upholding Lacey Act conviction where defendant misrepresented on form 7020 that animals were legally donated rather than illegally sold). Indeed, the form expressly states that it is a "record." Although the specific information about the nature of the transaction is not required to be provided on form 7020, the Krafts chose to complete that part of the form, and did so to hide their illegal conduct. Making or submitting false records is illegal regardless of whether there is a duty to submit the records. United States v. Allemand, 34 F.3d 923, 926 (10th Cir. 1994).

Kraft also asserts her conviction violates due process because she had no warning that submitting the false information on form 7020 would subject her to criminal prosecution. We disagree. The statute plainly states it is unlawful to submit a false record for any wildlife that is transferred in interstate commerce. We conclude § 3372(d)(2) affords fair warning of the proscribed conduct. See Slavin v. United States, 403 F.3d 522, 523-24 (8th Cir. 2005); United States v. Lee, 937 F.3d 1388, 1394-95 (9th Cir. 1991).

Kraft last argues the evidence is insufficient to support her convictions. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find beyond a reasonable doubt that Kraft submitted false

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

records for wildlife transferred in interstate commerce and conspired with her husband and individual buyers to do so. See Kapp, 419 F.3d at 668, 676. Testimony indicated Kraft told one buyer his form 7020 was marked "donation" to avoid raising any red flags when the Krafts were inspected by the USDA, especially with respect to leopards, which she acknowledged were protected and could not be legally sold interstate. Kraft told other buyers their forms were marked "donation" because that was "the way to do it." In contrast to the forms, Kraft's notebooks indicated the transactions were sales.

We thus affirm the district court.

_____