# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3227

_____

David Williams,                          *
                                         *
         Appellant,                      *
                                         *
   v.                                    *   Appeal from the United States
                                         *   District Court for the
Correctional Medical Services; Paul      *   Eastern District of Arkansas.
Torrez, CMS Regional Administrator;      *
Arthur Culpepper, CMS Ombudsman;         *        [UNPUBLISHED]
Patricia Kelly, Dr.; Connie Hubbard,     *
A.N.P., Varner Super Max, ADC; Kay       *
Brodnax, Infirmary Manager; Laura        *
McCarty, CMS Grievance Responder,        *
Varner Unit, ADC; Larry Norris,          *
Director, Arkansas Department of         *
Correction; Max Mobley, ADC Deputy       *
Director,                                *
                                         *
         Appellees.                      *

_____

Submitted: February 7, 2006
    Filed:  February 15, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Arkansas inmate David Williams challenges the district court's[1] order denying his motion for a preliminary injunction. Following careful review of the record, including consideration of the factors discussed in Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc), we agree with the district court that Williams did not meet his burden of establishing a preliminary injunction should issue with regard to his claims concerning Hepatitis C testing and treatment. See Manion v. Nagin, 255 F.3d 535, 538 (8th Cir. 2001) ("A district court has broad discretion when ruling on requests for preliminary injunctions, and [court of appeals] will reverse only for clearly erroneous factual determinations, an error of law, or abuse of discretion."); Dataphase Sys., Inc., 640 F.2d at 113 (to determine whether injunctive relief is warranted, court must balance threat of irreparable harm to movant, harm to nonmoving party should injunction issue, likelihood of success on merits, and public interest). Williams has no standing here to seek injunctive relief on behalf of other inmates. See Meis v. Gunter, 906 F.2d 364, 366-68 (8th Cir. 1990). In addition, Williams did not assert or show that he was personally under a threat of irreparable harm necessitating the injunctive relief he sought, nor did he establish a likelihood of success on the merits. See generally Bender v. Regier, 385 F.3d 1133, 1135 (8th Cir. 2004) (discussing Hepatitis C).

Accordingly, we affirm the judgment of the district court.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.