# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3081

_____

Gary V. Reilly, Jr.

        Appellant,

v.

Jack Merritt; Bill Hedrick,

        Appellees.

_____

No. 06-3750

_____

In re:  Gary V. Reilly, Jr.,

        Petitioner.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri and
\*  Petition for Writ of Mandamus.
\*
\*
\*  [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted:  September 7, 2007
Filed:  September 24, 2007

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri pretrial detainee Gary Reilly appeals the district court's[1] denial of his motions for injunctive relief, to add defendants, and for appointment of a special master. Reilly also moves in this court for permission to appeal in forma pauperis (IFP), for injunctive relief, and for appointment of a special master, and has petitioned for a writ of mandamus to "re-open" his district court case.

We grant Reilly IFP status, leaving fee collection to the district court. *See Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). As to the merits, we lack jurisdiction to consider the appeal from the district court's denial of Reilly's motion to add defendants. *See* 28 U.S.C. §§ 1291, 1292(a)(1), (b); *Liddell v. Bd. of Educ.*, 693 F.2d 721, 726 (8th Cir. 1981) (appellate jurisdiction was lacking to review denial of motion to amend complaint). Likewise, we lack jurisdiction over the appeal from the district court's denial of a special master. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (collateral-order doctrine); *cf. Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1538 (11th Cir. 1996) (order referring matter to special master is not appealable as final order under § 1291).

As for the denial of Reilly's motion for injunctive relief, over which we do have jurisdiction, *see* 28 U.S.C. § 1292(a)(1), we find that the district court did not abuse its discretion, clearly err, or commit any legal error in concluding that the balance of the pertinent factors favors denial of the requested injunction. *See Manion v. Nagin*, 255 F.3d 535, 538 (8th Cir. 2001) (standard of review); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (factors). We therefore affirm the denial of the motion for injunctive relief. *See* 8th Cir. R. 47B.

Accordingly, we grant IFP status; we affirm the denial of the motion for injunctive relief; and we deny Reilly's pending motions for injunctive relief and for

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

appointment of a special master.  We also deny Reilly's mandamus petition, because Reilly's action is still pending in the district court.

_____