RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0008p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

PREFERRED CARE OF DELAWARE, INC.; PREFERRED
CARE PARTNERS MANAGEMENT GROUP, L.P.;
KENTUCKY PARTNERS MANAGEMENT, LLC; CADIZ
HEALTH FACILITIES, L.P.,

        *Plaintiffs-Appellees,*

    *v.*

ESTATE OF MARILYN HOPKINS, by and through
Stephen Edward Hopkins, Executor,

        *Defendant-Appellant.*

No. 16-6180

---

Appeal from the United States District Court
for the Western District of Kentucky at Paducah
No. 5:15-cv-00191—Gregory N. Stivers, District Judge.

Decided and Filed: January 11, 2017

Before: BATCHELDER, SUTTON, and KETHLEDGE, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Robert E. Salyer, Brian M. Jasper, WILKES & MCHUGH, P.A., Lexington, Kentucky, for Appellant. Donald L. Miller, II, Kristin M. Lomond, QUINTAIROS, PRIETO, WOOD & BOYER, P.A., Louisville, Kentucky, for Appellees.

---

## OPINION

---

SUTTON, Circuit Judge. After Marilyn Hopkins died in a nursing home, her estate sued the owners and operators of the nursing home (together, "Preferred Care") in Kentucky state court, raising several claims under Kentucky law. Preferred Care asked a federal court to

1

enforce the arbitration provision in Hopkins' admissions agreement.  The district court obliged—compelling arbitration, enjoining Hopkins from proceeding in the state court action, and staying the federal case until arbitration concluded.  Hopkins appealed the order.  Preferred Care moved to dismiss for lack of appellate jurisdiction.  Because the Federal Arbitration Act forbids us from hearing these challenges, we must dismiss the appeal.

Consistent with the Federal Arbitration Act's policy of favoring agreements to arbitrate disputes, its appeal provisions prioritize review of district court orders that interfere with arbitration and limit review of orders that compel arbitration.  The Act permits litigants to appeal from:

> (1) an order--
>> (A) refusing a stay of any action under section 3 of this title,
>> (B) denying a petition under section 4 of this title to order arbitration to proceed,
>> (C) denying an application under section 206 of this title to compel arbitration,
>> (D) confirming or denying confirmation of an award or partial award, or
>> (E) modifying, correcting, or vacating an award;
> (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
> (3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

The Act forbids litigants from appealing in other circumstances:

> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--
>> (1) granting a stay of any action under section 3 of this title;
>> (2) directing arbitration to proceed under section 4 of this title;
>> (3) compelling arbitration under section 206 of this title; or
>> (4) refusing to enjoin an arbitration that is subject to this title.

*Id.* § 16(b).  The provisions that § 16 refers to halt federal lawsuits covered by an arbitration agreement (section 3), require federal courts to honor arbitration agreements (section 4), and give federal courts authority to direct where an arbitration occurs in international disputes (section 206).  *See* 9 U.S.C. §§ 3, 4, 206.

In contrast to the general rules for appealing decisions from the district court, *see, e.g.*, 28 U.S.C. §§ 1291, 1292, the Act precisely regulates the kinds of arbitration-related decisions a litigant may appeal.  It permits review of orders that interfere with arbitration, such as those "refusing" stays of federal proceedings in favor of arbitration and those "denying" petitions to enforce arbitration agreements, as well as interlocutory orders "granting, continuing, or modifying an injunction against an arbitration."  9 U.S.C. § 16(a).  But it prohibits appeals from other interlocutory orders that favor arbitration, such as those "granting" stays in favor of arbitration, "directing" or "compelling" arbitration, or "refusing" to enjoin an arbitration.  *Id.* § 16(b).

Through it all, the Act does not suspend the final-judgment rule.  A litigant may appeal from a "final decision" with respect to an arbitration.  *Id.* § 16(a)(3).  As to this last point, a party may appeal an order compelling arbitration when the district court dismisses the underlying action, because the dismissal constitutes a "final decision" within the meaning of the statute. *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 86–87 (2000).  By contrast, a party may not appeal an order compelling arbitration if the court *stays* the underlying suit, which makes everything interlocutory and non-appealable under § 16.  *Id.* at 87 n.2; *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1097–99 (6th Cir. 2002).

What did the district court do here?  Three things:  It compelled the parties to arbitrate their claims; it stayed the federal case until the arbitration concluded; and it enjoined Hopkins' estate from proceeding against Preferred Care in the state court action.

Congress has foreclosed jurisdiction over each action.  The first two orders are easy. Section 16(b)(2) forbids review of the first order by name, removing jurisdiction over orders "directing arbitration."  And § 16(b)(1) does the same as to the second order, removing jurisdiction over orders "granting a stay" of the federal court action until the arbitration ended.

What of the state-court injunction?  Section 16(b)(2) bars review of that as well.  It not only bars appeals of orders "directing arbitration," but it usually bars what comes with them— orders enjoining a lawsuit covered by the arbitration clause.  Because § 16(b)(2) prohibits appeals of interlocutory orders "directing arbitration to proceed under section 4" of the Act, and

because section 4 says that courts "shall" direct arbitration to proceed "in accordance with the terms" of the arbitration agreement, an order to arbitrate typically will prohibit court litigation from continuing. Few arbitration clauses permit litigation to continue during the arbitration with respect to covered claims. Else, what would be the point of the arbitration clause? And this arbitration contract, no surprise, does not permit litigation to continue during the arbitration. By halting Hopkins' state-court litigation, the district court simply exercised its power under § 4: Directing arbitration to proceed according to the terms of the arbitration agreement. That means the injunction falls within the bar on appeals in § 16(b). *See Moglia v. Pac. Emp'rs Ins. Co.*, 547 F.3d 835, 838 (7th Cir. 2008) ("§ 16(b) would forbid appeal" from "an injunction"); *see also* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3923 (3d ed. 2016) ("[M]ost orders of federal courts respecting arbitration will fall within the reach of § 16"). This approach aligns with Congress's "liberal federal policy favoring arbitration," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation omitted), and its efforts to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

That is not to say that an arbitration agreement might not permit relief in court either for matters not covered by the arbitration agreement or for interim forms of judicial relief contemplated by the arbitration agreement. *See, e.g.*, *Manion v. Nagin*, 255 F.3d 535, 538 (8th Cir. 2001). Arbitration after all is a matter of contract. But Hopkins makes no argument that this is such an agreement. And a review of the arbitration agreement confirms as much.

What of § 1292(a), which permits appeals from injunction orders? May litigants use this provision to create an exception to the bar on appeals of orders directing arbitration or enjoining state or federal court litigation during the arbitration? No. When two statutes conflict, the specific governs the general. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). Section 1292(a) generally provides for immediate appeals of injunctions, while § 16 specifically forecloses appeals of pro-arbitration interlocutory orders. We know that § 16 is the more specific provision because it directly addresses the issue—arbitration-related appeals—and because its exception for § 1292(b) shows that the statute reflects (and limits) the pre-existing rules for appeals. *See* 9 U.S.C. § 16(b). That means "[o]ther possible sources of appellate

jurisdiction, including 28 U.S.C. § 158(d) (final decisions in bankruptcy), § 1291 (final decisions in civil suits), *and § 1292(a) (injunctions)*, are superseded for orders to arbitrate." *Moglia*, 547 F.3d at 837 (emphasis added); *see ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.*, 504 F.3d 1208, 1210 (11th Cir. 2007); 15B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3914.17 (2d ed. 2016) ("These rules [in §16] should supersede any attempt to rely on the general interlocutory injunction appeal provisions of § 1292(a)(1)."); 16 *id.* § 3923 (3d ed. 2016) ("The explicit provisions of § 16 should prevail in these cases, superseding any use that might be made of § 1292(a)(1)."). Notably, we have dismissed a case just like this one for just this reason. *Preferred Care of Del., Inc. v. Konicov*, No. 16-5574, at 2 (6th Cir. Oct. 14, 2016) ("The more specific appellate-review provisions of the FAA control over § 1292(a)(1), which is a general statute governing appellate jurisdiction.").

Other provisions in § 16 reinforce the conclusion that "[a] pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable" even when it includes an injunction. *Moglia*, 547 F.3d at 837. Section 16(a)(2) permits an appeal from an "interlocutory order granting, continuing, or modifying an injunction *against* an arbitration." (Emphasis added). That shows that the existence of an injunction does not give us appellate jurisdiction. Otherwise, Congress would not have needed to authorize appeals from interlocutory injunction orders *against* arbitration. We would have had jurisdiction already under 28 U.S.C. § 1292(a). In addition, § 16(b) incorporates an exception for 28 U.S.C. § 1292(b) (which gives us jurisdiction when the district court certifies appealable issues) but not § 1292(a) (which generally provides for appeals from injunctions). That shows that § 16(b) was drafted with other appellate jurisdictional provisions in mind, and that Congress declined to create a categorical exception to § 16(b) for appeals from injunctions regarding arbitration. When a district court directs arbitration and stays the proceedings, "[t]he only exception to § 16(b) is an appeal by permission under § 1292(b)." *Moglia*, 547 F.3d at 838; *see Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014).

This approach also avoids undermining the efficiencies, speed, and lowered costs of arbitration. If our § 1292(a) appellate jurisdiction over injunctions remained unaffected by § 16, even the most clumsy litigants could delay an arbitration and drive up costs with procedural

fencing.  All they would have to do is ask for an injunction—*any* injunction—other than one enjoining the arbitration itself.  The district court would have to rule on it.  And any denial would invoke our jurisdiction by the terms of § 1292(a).  28 U.S.C. § 1292(a) (granting appellate jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions").  Congress deserves more credit than to have created such a two-faced regime—carefully restricting appeals from arbitration decisions in one direction, then indulging all manner of appeals in the other.

When all is said and done, there is no good reason to distinguish between orders like this one, which "enjoins" a party from pursuing an arbitrable claim outside of arbitration, and orders that merely "compel" or "direct" the parties to arbitrate.  An order "compelling" parties to do something, when it resolves the merits of the dispute, *is* an injunction—an order of specific performance on the merits.  *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988); *Moglia*, 547 F.3d at 838.

The order at issue does exactly, and only, what § 16 contemplates.  The district court found that the wrongful death claim could not be subject to the arbitration clause because that right of action belonged to Hopkins' surviving family rather than Hopkins herself under Kentucky law.  (No one appeals that ruling.)  All of the other claims, however, were subject to the arbitration clause.  Accordingly, the district court ordered that "Defendant [Hopkins] is ENJOINED from proceeding against Plaintiffs in the State Court Action, except for the wrongful death claims.  The parties to this action are COMPELLED to arbitrate all claims (except the wrongful death claims), which are the subject of the State Court Action."  R. 15 at 13.  And finally the court ordered the case "STAYED until the conclusion of the ordered arbitration."  *Id.*  Those acts are each aimed at enforcing the commands of the Federal Arbitration Act, and going no further.  In view of § 16's prohibition on such appeals, we may not review them.

Hopkins counters that the district court's order is appealable because it is "structurally a final decision," leaving "nothing more for the court to do but execute the judgment."  Appellant's Resp. Br. 4 (quoting *Green Tree*, 531 U.S. at 86).  But form matters in this area, as *Green Tree* itself reminds us.  *Green Tree* held that, if a district court orders arbitration and dismisses the case before it, the order is an appealable "final decision with respect to an

arbitration" under § 16(a)(3). 531 U.S. at 86–87.  But if the district court enters a stay instead of a dismissal, "that order [is] not . . . appealable" under § 16(b)(1).  *Id.* at 87 n.2; *see ATAC Corp.*, 280 F.3d at 1097–99.  The broader final-judgment rule confirms that form matters.  Final judgments are appealable, 28 U.S.C. § 1291; interlocutory orders generally are not.  Even final orders are not typically considered appealable until a separate final judgment—the right form—is entered.  *See* Fed. R. Civ. P. 58; Fed. R. App. P. 4(a); *see also Kraus v. Taylor*, 715 F.3d 589, 593 (6th Cir. 2013)

Nor does *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878 (6th Cir. 2002), aid Hopkins.  That's because the district court in that case entered a final judgment rather than staying the action pending arbitration.  *Great Earth Cos., Inc. v. Simons*, No. 00-cv-72720-DT (E.D. Mich. July 31, 2000); *see* 9 U.S.C. § 16(a)(3).  Under the "well-established meaning" of a "final decision," the entry of judgment was appealable.  *Green Tree*, 531 U.S. at 86; *Great Earth*, 288 F.3d at 885.  Today's district court proceedings have no final judgment.  The district court has yet to enforce or decline to enforce the arbitration award.  And the entry of a stay order "suggests that the district court perceives that it might have more to do than execute the judgment once arbitration has been completed."  *ATAC Corp.*, 280 F.3d at 1099.  This order is interlocutory and not appealable.

One last issue.  Hopkins maintains that, if we have power to review the injunction, we should exercise pendent jurisdiction over the other issues raised on appeal on the ground that they are "inextricably intertwined" with the injunction claim.  *See AmSouth Bank v. Dale*, 386 F.3d 763, 774 (6th Cir. 2004).  The "if" is a fatal qualifier.  Because we lack jurisdiction over the injunction, we lack jurisdiction over anything potentially pendent to it.

For these reasons, we dismiss the appeal.