NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0124n.06

Case No. 16-6168

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 24, 2017
DEBORAH S. HUNT, Clerk

BRANDENBURG HEALTH FACILITIES, *et al.*,

    Plaintiffs-Appellees,

v.

IVYE MATTINGLY, Administratrix of the estate of Mary Jo Hancock,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

BEFORE: BOGGS, SILER, and MOORE, Circuit Judges.

**SILER**, Circuit Judge. Ivye Mattingly appeals the district court's grant of Plaintiffs' motion to compel arbitration and enjoin state court proceedings. The Plaintiffs filed a motion to dismiss Mattingly's appeal for lack of appellate jurisdiction. Since the district court stayed the case pending the completion of arbitration, the district court has not issued a final order, and we have no jurisdiction over Defendant's appeal. For this reason, the Plaintiffs' motion to dismiss the appeal is **GRANTED** and the appeal is **DISMISSED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mattingly is the administratrix of Mary Jo Hancock's estate. Hancock was a resident at a nursing home owned and operated by the Plaintiffs (collectively "Preferred Care"). In 2007, before entering into the facility operated by Preferred Care, Hancock executed a durable power

of attorney granting Mattingly the authority to "make and enter into any contract or contractual arrangement." Mattingly brought a claim in state court on behalf of Hancock alleging that Hancock suffered physical and emotional injuries as a result of negligent care provided by Preferred Care in 2013. Preferred Care filed a motion to dismiss that lawsuit for failure to properly file suit as a next friend. Preferred Care also filed a motion to compel arbitration as contemplated in the parties' agreement based on the Federal Arbitration Act ("FAA"). The state court did not rule on the motion to compel arbitration, instead holding the case in abeyance pending a decision by the Kentucky Supreme Court. After *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015), was issued, Preferred Care brought a complaint in federal court seeking to compel arbitration. The district court granted the motion to compel arbitration, enjoined Mattingly from pursuing her claims in state court except for the wrongful death claim, and stayed the federal case pending the conclusion of arbitration.

## STANDARD OF REVIEW

We must determine for ourselves whether this court has jurisdiction over an interlocutory appeal. *See Crockett v. Cumberland Coll.*, 316 F.3d 571, 577 (6th Cir. 2003). Review of whether the district court violated the Anti-Injunction Act is de novo. *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 397 (6th Cir. 1997).

## DISCUSSION

Preferred Care moves to dismiss this appeal for lack of appellate jurisdiction under 6th Cir. R. 27(d)(1). The basis of this motion is Preferred Care's assertion that the district court's order was an interlocutory order which cannot be appealed pursuant to the text of the FAA.

The text of the district court order is important in assessing our jurisdiction:

(1) Plaintiffs' motion to compel arbitration and enjoin the state court action is **GRANTED**. Mattingly is **ENJOINED** from proceeding against Plaintiffs in the

> Meade Circuit Court action on all but the wrongful-death claim. The parties are **COMPELLED** to arbitrate pursuant to the terms of the parties' agreement the claims which are the subject of Mattingly's Meade Circuit Court complaint, excluding only the wrongful-death claim. Counsel shall promptly inform the Meade Circuit Court of this Memorandum Opinion and Order.
>
> (2) Pursuant to 9 U.S.C. § 3, this proceeding is **STAYED** until the conclusion of the ordered arbitration, at which time the Court will decide whether to enter judgment approving any arbitral award. The parties shall submit a joint status report every **ninety (90) days** from the date of entry of this Order until the resolution of the arbitration. The parties shall promptly report on the resolution of the arbitration, or of any settlement.

The critical language for the jurisdictional analysis is subpart (2) staying the case pending the completion of arbitration under 9 U.S.C. § 3. Since the case was stayed under 9 U.S.C. § 3, an appeal cannot be taken from the order under 9 U.S.C. § 16(b)(1) unless otherwise provided for in 28 U.S.C. § 1292(b). Section 1292(b) requires a district judge to state in writing in the relevant interlocutory order that the order involves a controlling question of law whose resolution may materially advance completion of the litigation, but the district court did not make such a finding here.

In an attempt to circumvent this textual bar on appellate jurisdiction, Mattingly cites a case from the Ninth Circuit where that court held that "where an order compelling arbitration is inextricably bound up with an injunction order, [appellate courts] have jurisdiction to review both orders under 28 U.S.C. § 1292(a)." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1379 (9th Cir. 1997) (internal quotation omitted). This authority runs directly counter to our ruling in *Preferred Care of Delaware, Inc. v. Estate of Hopkins by & through Hopkins* addressing an almost identical scenario. 845 F.3d 765 (6th Cir. 2017).

There is similarly no jurisdiction over Mattingly's appeal of the district court's injunction of Mattingly's proceeding on certain claims in state court. The district court has the authority

3

under § 4 of the FAA to direct arbitration to proceed in accordance with the terms of the arbitration agreement. This arbitration clause does not allow litigation to proceed while arbitration is ongoing. Since the injunction was entered pursuant to § 4 of the FAA, review of it is foreclosed by 9 U.S.C. § 16(b)(2). *See id.* at 768-69.

Mattingly also challenges the state-court injunction as it pertains to the Kentucky defendants. Since those defendants could not have participated in federal litigation premised upon diversity of citizenship, she argues that she should be allowed to pursue her claims against them in state court. This argument fails to grasp that the district court's jurisdiction is predicated upon the FAA, a federal statute conferring federal question jurisdiction under 28 U.S.C. § 1331.

For the foregoing reasons, the appeal is **DISMISSED**.