NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0307n.06

No. 16-5606

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GGNSC LOUISVILLE MT. HOLLY, LLC d/b/a GOLDEN LIVING CENTER – MT. HOLLY; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLD; GOLDEN GATE ANCILLARY, LLD; GGNSC CLINICAL SERVICES, LLC; AND GPH LOUISVILLE MT. HOLLY, LLC, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| v. | ) ) | |
| LESLIE GUESS MOHAMED-VALL, ADMINISTRATRIX OF THE ESTATE OF BETTYE J. GUESS, DECEASED, | ) ) ) ) | OPINION |
| Defendants-Appellant. | ) ) | |

BEFORE: SUHRHEINRICH, WHITE, and STRANCH, Circuit Judges.

**STRANCH, Circuit Judge.** Defendant Leslie Guess Mohamed-Vall appeals the order compelling arbitration of her claims, enjoining her from litigating the claims in state court, and staying the underlying action pending arbitration. GGNSC moves to dismiss the appeal for lack of jurisdiction, and Mohamed-Vall opposes the motion to dismiss. We held this case in abeyance pending the Supreme Court's decision in *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426–27 (2017) (invalidating Kentucky's refusal to enforce arbitration agreements entered into by attorneys-in-fact absent a clear statement granting this authority in the power of attorney).

Under the Federal Arbitration Act ("FAA"), an immediate appeal may be taken from "a final decision with respect to arbitration[.]" 9 U.S.C. § 16(a)(3). But, except as provided in 28 U.S.C. § 1292(b), an appeal may not be taken from an interlocutory order that grants a stay of an action under 9 U.S.C. § 3 or that directs arbitration under 9 U.S.C. § 4. 9 U.S.C. § 16(b)(1), (2). GGNSC asserts that no final decision with respect to arbitration has been entered, and thus § 16(b)'s prohibition against an appeal is controlling. Although Mohamed-Vall argues that the district court entered a final judgment with respect to arbitration that is immediately appealable, the FAA permits an appeal from an order compelling arbitration only when it is entered in connection with the dismissal of the underlying action. *Preferred Care of Delaware, Inc. v. Estate of Hopkins*, 845 F.3d 765, 768–69 (6th Cir. 2017); *ATAC Corp. v. Arthur Treacher's Inc.*, 280 F.3d 1091, 1097–99 (6th Cir. 2002). The underlying action here has not been dismissed.

Mohamed-Vall also asserts that the order prohibiting her from litigating her claims in state court is appealable under 28 U.S.C. § 1292(a)(1) and that this court should exercise pendant appellate jurisdiction over the arbitration orders. GGNSC argues that the grant of injunctive relief is merely a mechanism to enforce the order compelling arbitration and that the more specific appellate review provisions of the FAA control over § 1292(a)(1), which is a general statute governing appellate jurisdiction. *See Preferred Care of Delaware*, 845 F.3d at 769; *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general[.]").

We lack jurisdiction to review the order compelling arbitration and staying the action. We agree that the grant of injunctive relief prohibiting Mohamed-Vall from litigating her claims in state court is merely a mechanism to enforce the order compelling arbitration and was proper

under the Anti-Injunction Act 28 U. S. C. §2283; there is no reason to consider the exercise of

pendant jurisdiction.

GGNSC's motion to dismiss this appeal is **GRANTED**.