**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0618n.06

No. 16-6373

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DIVERSICARE LEASING CORPORATION,     )
d/b/a Wurtland Nursing & Rehabilitation Center;  )
OMEGA HEALTHCARE INVESTORS, INC.;     )
DIVERSICARE HEALTHCARE SERVICES,      )
INC.; DIVERSICARE MANAGEMENT          )
SERVICES CO.,                         )
                                      )
    **Plaintiffs-Appellees,**        )
                                      )
v.                                    )
                                      )
ANNETTE HALL, Executor of the Estate of   )
Alliene Menshouse,                    )
                                      )
    **Defendant-Appellant.**         )
                                      )

**FILED**
Nov 08, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

**OPINION**

Before: DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Annette Hall ("Hall"), Executor of the Estate of Alliene Menshouse, appeals the district court's denial of her motion for relief. Plaintiffs-Appelles Diversicare Leasing Corp., d/b/a Wurtland Nursing & Rehabilitation Center; Omega Healthcare Investors, Inc.; Diversicare Healthcare Services, Inc.; and Diversicare Management Services Co. (together, "Diversicare") filed a motion to dismiss Hall's appeal for lack of jurisdiction. Because the district court (1) compelled arbitration, (2) stayed the district-court action, and (3) enjoined the state-court action, we do not have jurisdiction. Therefore, we **GRANT** Diversicare's motion and **DISMISS** Hall's appeal.

## I.  BACKGROUND

Hall, as the Executor for Alliene Menshouse's Estate, filed an action in Kentucky state court against Diversicare ("state-court action").  *See* R. 1-2 (Compl. Ex. B) (Page ID #11).  Diversicare then filed an action in the United States District Court for the Eastern District of Kentucky to compel Hall to arbitrate her claims ("district-court action").  *See* R. 1 (Compl.) (Page ID #1).  After reviewing the arbitration agreement, the district court issued an order (1) granting Diversicare's motion to compel arbitration, (2) staying the district-court action, and (3) enjoining Hall from proceeding in her state-court action.  R. 14 (Order at 16–17) (Page ID #211–12).  Hall then requested the district court to reexamine its order, R. 15 (Mot.) (Page ID #213), which the district court denied, R. 19 (Order at 3) (Page ID #244).  Because the district court denied her motion, Hall filed this appeal.  R. 21 (Notice) (Page ID #247).  Diversicare now argues that we do not have appellate jurisdiction.  Appeal R. 13 (Mot.).

## II.  DISCUSSION

We have jurisdiction to review a final district-court order.  28 U.S.C. § 1291.  A litigant may appeal "a final decision with respect to an arbitration that is the subject of this title."  9 U.S.C. § 16(a)(3).  However, "[e]xcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order" that (1) directs the litigants to arbitrate their action, 9 U.S.C. § 16(b)(2), or (2) stays the district-court action pending arbitration proceedings, *id.* § 16(b)(1).  To use the exception to the finality requirement for controlling questions of law under § 1292(b), a litigant must receive certification from the district court.

We also have jurisdiction to review an order granting an injunction. 28 U.S.C. § 1292(a)(1). But we have recently decided that § 16(b)(2) prevents a litigant from appealing an order enjoining a state-court action covered by an arbitration clause. *Preferred Care of Del., Inc. v. Estate of Hopkins*, 845 F.3d 765, 768–69 (6th Cir. 2017) (holding that court lacked appellate jurisdiction because § 16(b) prevents this court from reviewing an order compelling arbitration, staying the district-court action, and enjoining the plaintiff from continuing its state-court action). And a litigant cannot use § 1292(a)(1) "to create an exception to the bar on appeals of orders directing arbitration or enjoining state or federal court litigation during the arbitration." *Id.* at 769.

We do not have jurisdiction over Hall's appeal. First, the district court ordered Hall to "prosecute all of her claims arising out of Alliene Menshouse's residency at Wurtland Nursing & Rehabilitation Center in accordance with the terms of the arbitration agreement," which § 16(b)(2) prevents us from reviewing. R. 14 (Order at 17) (Page ID #212). Similarly, § 16(b)(1) thwarts our review of the district court's decision to stay its action. *Id.* And our decision in *Preferred Care* precludes review of the district court's decision to enjoin Hall from pursuing her claims in her state-court action. R. 10 (Mot. at 1) (Page ID #119); R. 14 (Order at 16) (Page ID #211). Finally, Hall did not receive § 1292(b) certification from the district court. Therefore, we must dismiss Hall's appeal for lack of jurisdiction.

## III.  CONCLUSION

For the reasons discussed above, we **GRANT** Diversicare's motion and **DISMISS** Hall's

appeal.