NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DKC GROUP HOLDINGS, LLC, et al., *Plaintiffs/Appellants*,

*v.*

FORTILINE, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0043

FILED 09-25-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2024-026305
The Honorable Erik Thorson, Judge

**AFFIRMED IN PART, VACATED IN PART,
AND REMANDED FOR FURTHER PROCEEDINGS**

---

COUNSEL

Quarles & Brady LLP, Phoenix
By Eric B. Johnson, Daniel J. F. Peabody, and Christopher Thomas Shanley
*Counsel for Plaintiffs/Appellants*

DLA Piper LLP, Phoenix
By Cameron A. Fine, Kyle T. Orne, Haley R. Augur, Daniel Fazio, and
Aurora Temple Barnes
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

¶1 William Reno and Todd Flick ("Employees") were employees of Dana Kepner Company, LLC, a subsidiary of DKC Group Holdings, LLC ("DKC"). In connection with their employment, Employees signed identical non-compete, non-solicitation, and confidentiality agreements, which contained arbitration clauses. After leaving DKC, Employees went to work for DKC's competitor, Fortiline, Inc. ("Fortiline"). Alleging violations of the parties' agreements and related claims against Fortiline, DKC filed a complaint and sought a preliminary injunction in superior court. After Employees moved to compel arbitration, the court denied DKC's request for a preliminary injunction, compelled arbitration, and stayed the case against Employees. The court also stayed the case against Fortiline, which was not a party to the arbitration agreement, finding the claims against it could not be severed from the arbitrable claims.

¶2 This Court affirms the denial of the preliminary injunction with respect to Employees because DKC did not show such an injunction was necessary to preserve the status quo pending arbitration. However, with respect to Fortiline, the superior court should have considered DKC's request for a preliminary injunction before staying DKC's claims against it. Thus, this Court vacates the stay as to Fortiline and remands for consideration of DKC's preliminary injunction request.

## FACTS AND PROCEDURAL HISTORY

¶3 Employees, as branch managers for DKC, signed agreements with DKC under which they received restricted profits interests in exchange for signing non-compete, non-solicitation, and confidentiality provisions.

¶4 The agreements contained arbitration provisions, which provided:

> [A]ny controversy or claim arising with respect
> to the Units shall be settled by arbitration

administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes . . . . The arbitration shall be held in New York, New York, and the arbitrator shall apply the substantive law of the State of Delaware, except that the interpretation and enforcement of this arbitration provision shall be governed by the United States Arbitration Act. . . . The award of the arbitrator shall be the sole and exclusive remedy of the parties.

¶5 Employees subsequently resigned from DKC and began working for Fortiline, a wholly-owned indirect subsidiary of Reece, Inc. and a competitor of DKC.

¶6 The same month, DKC filed an application for temporary restraining order and preliminary injunction along with a lawsuit against Employees and Fortiline, alleging Employees violated the restrictive covenants in their agreements for the benefit, and with the assistance, of Fortiline. The lawsuit alleged breach of contract, breach of covenant of good faith and fair dealing, and breach of loyalty against Employees; aiding and abetting breach of loyalty and tortious interference against Fortiline; and tortious interference with business relationships and unfair competition against all defendants. DKC sought only a preliminary injunction with respect to Employees because of the arbitration clause.

¶7 Around the same time DKC filed the complaint here, DKC filed similar cases against Reece in New York (based in large part on the actions of Employees) and against Fortiline in Nevada (based in large part on the actions of a different employee).

¶8 After an evidentiary hearing, the New York court expressly enjoined Reece and its affiliates, including Fortiline, from directly soliciting DKC's employees or using its confidential information. However, it did not enjoin Reece and Fortiline from soliciting DKC clients, in part because it found DKC's loss may be "compensable with money damages."

¶9 In the present case, Employees filed a motion to compel arbitration under the Federal Arbitration Act ("FAA") and opposed DKC's request for a preliminary injunction. In response to the motion to compel, DKC argued the court should grant interim injunctive relief to preserve the status quo pending arbitration.

¶10 The superior court denied the request for a preliminary injunction against Employees, granted the motion to compel, and stayed the proceedings pending arbitration. With respect to Fortiline, the court stayed all claims pending arbitration, finding the claims against Fortiline were not severable from the claims against Employees. Given the stay, the court also vacated as moot a scheduled evidentiary hearing on the preliminary injunction request.

¶11 In December 2024, DKC timely appealed the court's order and concurrently filed a petition for special action. This Court declined jurisdiction over the special action.

## DISCUSSION

### I. The FAA Does Not Preclude this Court From Reviewing the Denial of the Preliminary Injunction Against Employees.

¶12 In connection with granting Employees' motion to compel, the court stayed the claims against Employees "pending the outcome of the arbitration ordered." DKC argues the court erred by staying its claims against Employees without first considering its request for a preliminary injunction.

¶13 However, the court considered and denied DKC's request for a preliminary injunction against Employees, explaining:

> Given the preliminary injunction entered in tandem litigation in New York, there is no need for this Court to enter any injunction to preserve the status quo pending arbitration. . . . The New York litigation's preliminary injunction order also notes that the claims against [Employees] are before this Court and that [DKC]'s remedy may be money damages. . . . Those claims and that remedy must first proceed in arbitration per those Parties' agreement and as all have acknowledged.

¶14 Employees argue the FAA precludes this Court from reviewing the superior court's decision, including its denial of the preliminary injunction. The FAA, which DKC and Employees contractually agreed governs their arbitration clause, provides that an appeal may be taken from:

4

**(1)** an order--

**(A)** refusing a stay of any action under section 3 of this title,

**(B)** denying a petition under section 4 of this title to order arbitration to proceed,

**(C)** denying an application under section 206 of this title to compel arbitration,

**(D)** confirming or denying confirmation of an award or partial award, or

**(E)** modifying, correcting, or vacating an award;

**(2)** an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

**(3)** a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

¶15 At the same time, the FAA precludes an appeal from an interlocutory order:

**(1)** granting a stay of any action under section 3 of this title;

**(2)** directing arbitration to proceed under section 4 of this title;

**(3)** compelling arbitration under section 206 of this title; or

**(4)** refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16(b).

¶16 Congress enacted the FAA in response to widespread judicial hostility to arbitration. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228,

232 (2013). The "'principal purpose' of the FAA is to ensure 'private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). To that end, the FAA "generally permits immediate appeal of orders hostile to arbitration, whether the orders are final or interlocutory, but bars appeal of interlocutory orders favorable to arbitration" unless the appeal is for a final decision pursuant to § 16(a)(3). *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000).

¶17 The plain language of the FAA bars this Court from reviewing the superior court's order compelling arbitration and staying the matter with respect to Employees pending arbitration. 9 U.S.C. §§ 16(b). However, nothing in the FAA precludes this Court's review of the superior court's denial of the preliminary injunction. 9 U.S.C. § 16(b). Nor does the denial of the preliminary injunction disfavor arbitration or frustrate the purposes of the FAA. To the contrary, a preliminary injunction is sometimes necessary to accomplish the purposes of the FAA and arbitration. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010). Consequently, this Court has authority to review the superior court's denial of the preliminary injunction against Employees on appeal.

¶18 Employees rely on *Preferred Care of Delaware, Inc. v. Est. of Hopkins*, 845 F.3d 765 (6th Cir. 2017), to support their argument that the FAA precludes this Court's review of the denial of the preliminary injunction. However, in that case the injunction enjoined arbitrable claims from proceeding in state court and instead compelled arbitration. *Id.* at 770. The Sixth Circuit held that because an injunction against state court litigation was in effect an order "[d]irecting arbitration to proceed according to the terms of the arbitration agreement," the FAA precluded its review. *Id.* at 768. Here, in contrast, the denial of the preliminary injunction cannot be construed to fall within the meaning of any of the FAA's express prohibitions on review of interlocutory orders.

¶19 Finally, the Arizona Supreme Court has explained that "[e]ach state is free to apply its own procedural requirements so long as those procedures do not defeat the purposes of the act." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 51-52 ¶ 13 (1999). Under Arizona law, the superior court's denial of the preliminary injunction was clearly appealable. A.R.S. § 12-2101(A)(5)(b). As discussed above, this Court's review of that denial does not defeat the purposes of the FAA. Thus, the FAA does not preclude this Court's review of the denial of the preliminary injunction.

**II.     The Superior Court Did Not Abuse Its Discretion When It Denied the Request for a Preliminary Injunction Against Employees.**

**¶20**          This Court reviews the superior court's denial of injunctive relief for abuse of discretion. *TP Racing, L.L.L.P. v. Simms*, 232 Ariz. 489, 492 ¶ 8 (App. 2013). An abuse of discretion occurs when "the court applied the incorrect substantive law or preliminary injunction standard, based its decision on an erroneous material finding of fact, or applied the appropriate preliminary injunction standard in a manner resulting in an abuse of discretion." *Id.* This Court may affirm the superior court's decision "if it was correct for any reason." *Washburn v. Pima Cnty.*, 206 Ariz. 571, 575 ¶ 7 (App. 2003).

**¶21**          DKC argues the court abused its discretion in denying DKC's request for a preliminary injunction because it did not consider and did not make findings regarding the four factors ("the *Shoen* factors") set forth in *Shoen v. Shoen*, 167 Ariz. 58, 63 (App. 1990). Usually, in determining whether to issue a preliminary injunction, the court must consider:

> (1) whether the requesting party has a strong likelihood of success on the merits, (2) whether the party will suffer irreparable harm if the injunction is not granted, (3) whether the harm to the requesting party outweighs the harm to the opposing party, and (4) whether public policy favors granting the injunction.

*Jurju v. Ile*, 255 Ariz. 558, 563 (App. 2023) (citing *Shoen*, 167 Ariz. at 63).

**¶22**          Here, however, the court found DKC had not met the threshold requirement to grant injunctive relief in the arbitration context. *See Toyo Tire*, 609 F.3d at 981. In the arbitration context, a court has discretion to grant an injunction when "interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process." *Id.* Because the court here determined interim relief was not necessary to preserve the status quo, it did not need to consider the *Shoen* factors.

**¶23**          *Toyo Tire* supports this Court's finding that the superior court did not abuse its discretion. There, the district court denied a motion for preliminary injunction solely based on the legal premise that it "may not grant a preliminary injunction when the parties have agreed to arbitrate and the arbitrator has the power to grant interim injunctive relief." *Id.* at 978. Finding this was the incorrect standard, the Ninth Circuit reversed for an abuse of discretion. *Id.* at 979. Here, in contrast, the superior court

applied the correct rule of law and found interim relief was unnecessary to preserve the status quo pending arbitration. And the record does not reflect that DKC has shown otherwise.

**¶24**  Generally, where an arbitrator is authorized under the governing rules of arbitration to grant the interim relief sought, it is not appropriate for a court to grant preliminary injunctive relief. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725-26 (9th Cir. 1999). However, a court has discretion to grant an injunction if there is some reason interim relief is necessary to preserve the status quo pending arbitration. For example, in *Toyo Tire*, plaintiff sought preliminary injunctive relief both in arbitration and court. 609 F.3d at 978. The Ninth Circuit upheld a preliminary injunction finding interim relief was necessary "while the parties [were] waiting for the arbitration panel to be formed and for the arbitration panel to consider whether to grant interim relief." *Id.* at 979.

**¶25**  Here, the record indicates preliminary injunctive relief was available through arbitration. Under the American Arbitration Association Employment Rule 32, "[a]t the request of any party, the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court." DKC made no showing that the injunctive relief available through arbitration would be inadequate. In fact, nothing in the record indicates DKC initiated arbitration, much less sought preliminary injunctive relief through arbitration.

**¶26**  DKC argues the court abused its discretion because preliminary injunctive relief was necessary to protect it from Employees' violations of the restrictive covenants in their agreements. In support of its argument, DKC relies in large part on *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048 (4th Cir. 1048). That case, like the present one, involved a former employee subject to post-employment restrictive covenants who resigned from his employment and began working for a competitor. *Id.* at 1050-51. The Fourth Circuit affirmed the district court's grant of a preliminary injunction, finding it was not an abuse of discretion. *Id.* at 1055.

**¶27**  However, the Fourth Circuit did not hold that the district court was required to grant relief under these circumstances. *See id.* In fact, with the exception of *Toyo Tire,* DKC cited to no caselaw where an appellate court found an abuse of discretion in denying preliminary injunctive relief in the arbitration context. Instead, the cases DKC relies on stand only for the proposition that interim relief is available at the court's discretion in the arbitration context.

¶28 Here, the New York injunction provided DKC most of its requested relief from Reece and its subsidiary Fortiline. The only exception was the non-solicitation of customers provision because the New York court found monetary damages could adequately compensate for any violation. Under these circumstances, this Court cannot find the superior court abused its discretion. *See TP Racing*, 232 Ariz. at 492 ¶ 8.

## III. The Court Abused Its Discretion By Granting a Stay Without Ruling on the Preliminary Injunction Request Against Fortiline.

¶29 With respect to Fortiline, the court found that under A.R.S. § 12-1502(D), "this action must be stayed in its entirety, as the Court does not find the claims against [Appellees] to be severable." DKC argues the court abused its discretion by failing to consider its request for a preliminary injunction against Fortiline before granting a stay.

¶30 Again, Fortiline argues this Court lacks jurisdiction to review the stay of the claims against it because "[t]he FAA plainly bars such review" under 9 U.S.C. § 16(b). However, as discussed *supra* ¶ 17, the FAA only bars review of stays granted under the FAA. *See* 9 USC § 16(b)(1) (precluding review of stay where it is granted "under section 3 of this title"). Here, the stay was granted under A.R.S. § 12-1502(D). Thus, the FAA does not bar this Court's review of the superior court's decision to stay the proceedings.

¶31 This Court has jurisdiction over an appeal from an order "refusing to grant . . . an injunction." A.R.S. § 12-2101(A)(5)(b). Under Arizona law, a court's issuance of a stay that effectively denies a preliminary injunction is appealable. *See Apache Produce Imps., LLC v. Malena Produce, Inc.*, 247 Ariz. 160, 162, 164 (App. 2019) ("We therefore conclude jurisdiction exists under § 12-2101(A)(5)(b) to review [a] stay order as an effective denial of [a] preliminary injunction request.").

¶32 The effective denial of a preliminary injunction is reviewed for abuse of discretion. *Id.* at 164 ¶ 9; *see also Fann v. State*, 251 Ariz. 425, 432 ¶ 15 (2021). A court abuses its discretion when it "effectively denie[s a] preliminary injunction request without considering it under the proper legal standard." *Apache Produce*, 247 Ariz. at 162 ¶ 1.

¶33 Here, it appears the court issued a stay without considering DKC's request for injunctive relief against Fortiline under the proper standard. It denied preliminary injunctive relief with respect to Employees because it found such relief was not necessary to preserve the status quo pending arbitration. It then stayed DKC's claims against Fortiline, finding

them non-severable from DKC's claims against Employees. Thus, the court either did not consider DKC's preliminary injunction request against Fortiline or considered it under the wrong standard.

¶34        Despite the New York injunction, the court should have considered DKC's preliminary injunction request under the *Shoen* factors and set forth its findings and conclusions supporting the grant or denial. *See* Ariz. R. Civ. P. 52(a)(2) ("In granting or refusing an interlocutory injunction, the court must state the findings and conclusions that support its action."). Because the superior court did not do so, it erred.

## CONCLUSION

¶35        This Court remands this case for consideration of DKC's preliminary injunction request with respect to Fortiline. This Court expresses no opinion as to whether a preliminary injunction or a new stay with respect to Fortiline is appropriate.

## ATTORNEYS' FEES ON APPEAL

¶36        DKC requests attorneys' fees and costs incurred on appeal pursuant to ARCAP 21(a) and A.R.S. §§ 12-341.01(A) and 12-341. Employees and Fortiline request attorneys' fees and costs pursuant to A.R.S. § 12-341.01. This Court, in its discretion, determines that DKC is the successful party on appeal. Accordingly, this Court awards DKC its taxable costs incurred on appeal only against Fortiline, A.R.S. § 12-341, contingent upon its compliance with ARCAP 21. In this Court's discretion, both requests for attorneys' fees are denied. *See* A.R.S. § 12-341.01.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR